*In re* NEW YORK EL. R. CO.    *In re* PARCEL OF WESTERVELT.

(*Supreme Court, General Term, First Department.* December 29, 1890.)

EMINENT DOMAIN—COMPENSATION—REVIEW ON APPEAL.

    On an appeal from an award of commissioners appointed to ascertain the compensation to be made for damages to property from the construction of a railroad, the court will not disturb the finding of the commissioners, made on a view of the premises, as well as upon testimony, even as to the damage from the taking of an intangible right, where the evidence shows a foundation for the award.

Appeal from special term.

Petition by the New York Elevated Railroad Company for the appointment of commissioners to ascertain and appraise the compensation to be made for

property, easements, etc., taken by it for the purposes of its railroad.  The petitioner appeals from the award by the commissioners of compensation to Margaret Westervelt, owner of property known as "No. 708 Greenwich Street," in the city of New York, and from the order confirming their report.

Argued before VAN BRUNT, P. J., and BARTLETT, J.

*Davies & Rapallo,* for appellant.   *Sackett & Bennett,* for respondent.

VAN BRUNT, P. J.   This appeal seems to be founded upon the assumption that the commissioners could gain no information as to the value of the property to be taken in this proceeding by viewing the premises.   It is conceded that in appraising the value of lands a view may be of the utmost importance; but it is claimed that in estimating the consequential damages resulting from the taking of an intangible right, which the defendants claim to be of no intrinsic value in itself, a view can be of but slight assistance, and the main reliance must be upon an investigation of the past effects of the taking, as shown by experience.   In this position we cannot concur.   We think that commissioners of intelligence can gain more information in respect to the value of .the property taken by the erection of the railroad from an inspection than from the evidence of any quantity of theorists.   It is a common experience of judicial officers that expert testimony cannot be relied upon, and that it is entitled to but little weight, unless it is supported by facts established which the court can see tend to support the theory of the expert, or unless the reasons given for the conclusion are such as necessarily carry conviction.   It is for this reason that an examination of the situation by the commissioners appointed to assess the damage is so valuable in enabling them to weigh the testimony of the experts who may be examined.   Therefore it has been the practice in cases of this character not to disturb the findings of the commissioners unless it was apparent that injustice had been done, or that they had overlooked some material feature of the case, or proceeded upon an erroneous principle, or been influenced by prejudice or passion.   In the case at bar the award does not seem to be so excessive as to justify the court in interfering.

The counsel for the appellant has presented a tabulated statement of the evidence, claiming that it shows that the premises, instead of being damaged to the extent of $2,000, have only deteriorated in value $750 or $1,000.   There was evidence, however, to support the conclusion of the commissioners, and it is impossible for us to say how much information was conveyed to them in regard to this subject by the inspection which they made.   An examination of the evidence seems to show a foundation for the award, and, although the progress of the value of property in that vicinity was downward for a period of time antedating the building of the railway, yet it does not appear but that the value of the premises at the initiation of these proceedings was largely affected by the fact that the petitioners had taken a valuable portion of the appurtenances of the premises in question.   Upon the whole case, we see no reason for interfering with the award of the commissioners, and the same should be affirmed, with costs.