# THE

# New York Supplement.

## VOLUME XIV.

---

### *In re* BUFFALO & G. RY. CO.

*(Supreme Court, General Term, Fifth Department.* April 16, 1891.)

EMINENT DOMAIN—COMPENSATION—APPEAL FROM AWARD.

> Where, on appeal from an award of commissioners for damages to land from the construction of a railway thereon, and from an order confirming the award, all the evidence before the commissioners is not returned, and the adjudication rests upon the personal examination of the property by the commissioners, required by statute, as well as upon the evidence, if no erroneous methods of procedure are disclosed by the record, and no erroneous principle is shown to have been adopted in making the award, the appraisal must be affirmed.

Appeal from special term, Erie county.

Petition by the Buffalo & Geneva Railway Company for the appointment of commissioners to appraise the damages to certain lands of Warren W. Britt and another from the laying out of petitioner's railway through said lands. The petitioner appeals from the award of the commissioners thereupon, and from the order confirming the report of the commissioners.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Arthur E. Clarke,* for appellant.   *Myron H. Peck, Jr.,* for respondents.

MACOMBER, J.   The appeal is both from the appraisal of the commissioners and from the order of the special term confirming the same, by which an award of $4,000 was made to the land-owners for their damages sustained by reason of the laying out of the petitioner's railway through the lands of the former.   The respondents' land consists of a farm of 106 acres in the town of Le Roy, Genesee county, a greater portion of which lies on the north side of the highway, which runs east and west through the farm.   The farm contained two dwelling-houses and two barns, and other suitable buildings adapted for extensive stock-raising and general farm purposes.   The piece of land consisting of about 26 acres, lying on the south side of the road, was purchased by the respondents in the year 1880, and one of the principal objects of such purchase was to acquire the privileges of a living spring of water thereon from which water was carried in pipes to the barns and other portions of the respondents' property.   The railroad, passing through these 26 acres, cut off this water-pipe 120 feet from the east line of the farm.   There was a cut in this portion of the petitioner's railroad bed of about $5\frac{1}{2}$ feet deep through this part of the lands, so that the water-pipe, in order to be continued available to the owners of the land, would be required to be depressed con-

siderably below this cut.   Evidence was adduced to show that by reason of this deflection of the pipe rust and sediment would accumulate therein, so that it became necessary from time to time to flush the pipe in order to get any adequate supply of water through it.   Much evidence was taken upon the subject of the amount of damages which the owners of the land sustained by reason of the construction of the railroad and the consequences thereof to the spring, not all of which, however, has been returned to us upon this appeal, as appears by the certificate of the chairman of the commissioners making the award.   The main subject of contention by the learned counsel for the appellant is, nevertheless, that the award of $4,000 is excessive, under the evidence.   Under the circumstances, although we have looked into the evidence to discover, if possible, any erroneous rule or principle adopted by the commissioners for estimating such damages, we find nothing which would lead us to question in the least the fairness and justness of the estimate made by the commissioners.   The statute requires the commissioners themselves to examine personally the property proposed to be taken.   2 Rev. St. (7th Ed.) p. 1551, § 16.   The adjudication made by the commissioners does not rest alone upon the testimony returned to us, but upon other evidence not returned, as well as upon information gathered from a duty imposed upon them by statute, to make an actual inspection and examination of the premises. Where, as in this case, no erroneous methods of procedure are disclosed by the record, and no erroneous principle shown to have been adopted by the commissioners in making their award, it is our duty to affirm the appraisal. *In re New York El. R. Co.*, 12 N. Y. Supp. 857.   The order appealed from should be affirmed, with costs.   All concur.