ROCHESTER & H. V. R. Co. *v.* MYERS *et al.*

(*Supreme Court, General Term, Fifth Department.* January 22, 1892.)

1. EMINENT DOMAIN—COMPENSATION—MEASURE OF DAMAGES.
    In a proceeding by a railroad company to condemn a right of way through defendants' land, where the damages are largely speculative, and the commissioners have viewed the premises, an award of less than the amount of estimated by petitioner's witnesses will be affirmed, where no erroneous principle or method of procedure appears to have been adopted.
2. SAME—VALUE OF FARM CROSSING.
    Where, under the general railroad act, the land-owner is entitled to farm crossings wherever they are needed, his damages when a right of way is taken are less than if the privilege of crossings were denied him, and the commissioners in making their award may so consider it.

Appeal from special term, Monroe county.

Proceeding by the Rochester & Honeoye Valley Railroad Company against Thomas A. Myers and others to condemn a right of way. Defendants appeal from an order confirming the report of the commissioners of appraisal. Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

*H. H. Woodward*, for appellants. *J. W. Tayler*, for respondent.

DWIGHT, P. J. The proceeding was to acquire the right of way for a railroad over lands of the appellants. The award of $1,700, made by a majority of the commissioners, was somewhat less than the average amount indicated by the testimony of the witnesses,—even of those called by the petitioner. But the estimates of the witnesses on both sides included many elements which were largely speculative,—such as the inconvenience of working land, due to the shape into which lots were divided by the railroad; the cutting off of the view from the house of a portion of the farm; inconveniences in watering cattle, and driving them from one portion of the farm to another; the nuisance of smoke and cinders; and the danger of fire from sparks. All these are, undoubtedly, proper subjects of consideration, but they are elements of damage for which it is impossible to fix an absolute equivalent in money, and in respect to which the independent testimony of witnesses would not be likely to agree nor closely to approximate. The only element of damage in

this case which was capable of ascertainment with anything like strictness was the value of the four and a half acres of land, with outbuildings, taken for the right of way. The largest estimate of the value of the farm (of 135 acres) with the buildings was $90 per acre. The buildings were said to be worth $4,000, which reduces the value of the land without buildings to $60 per acre, and this would be reduced to $50 by the lower estimates of the value of the farm as a whole. At $55 per acre, the land appropriated is worth $250. All the rest of the damages are speculative. They are matters of opinion, subject to estimate, it is true, but in respect to which commissioners taking testimony would look for very wide divergence of opinion, and would inevitably rely upon their own judgment rather than that of witnesses, however apparently intelligent and fair. And that is, undoubtedly, the legal theory of these awards by commissioners. It is the commissioners who estimate damages, not the witnesses. The commissioners may be aided by the judgment of witnesses, but the final judgment is their own. Accordingly the statute not only permits, but requires, their personal view and inspection of the premises, and the result of such inspection is as properly the basis of their judgment as the testimony of the witnesses. *Perkins* v. *State*, 113 N. Y. 660, 21 N. E. Rep. 397; *In re Buffalo & G. Ry. Co.*, (Sup.) 14 N. Y. Supp. 1; *In re Staten Island R. T. Co.*, 47 Hun, 396; *In re New York El. R. Co.*, (Sup.) 12 N. Y. Supp. 858. Such being the importance attached to the judgment of the commissioners themselves, it has become the rule that the courts will not interfere with their award unless it is very clear that they have misconceived the facts, and erred in their estimate, or unless they have fallen into some error of procedure, or have adopted some erroneous principle of estimate. See the cases above cited.

There is no error of procedure disclosed by the record here. The only suggestion of an erroneous principle or ground of estimate adopted by them is based upon statements contained in the affidavit of the attorney for the petitioner, upon which he applied for and obtained an order to show cause abbreviating the period of notice of the motion for the confirmation of the report. From that affidavit it appears that on the hearing before the commissioners a question arose as to the right of the land-owners to have farm crossings; and it is stated in the affidavit that the general railroad act contained provisions which secured to the land-owner the right to have such crossings wherever necessary, but that the act of 1890 (Laws 1890, c. 565) repealed these provisions; that the last-mentioned act was to take effect May 1, 1891, and therefore it was desirable that the report of the commissioners should be confirmed (if it was to be confirmed) before the last-mentioned date. The affidavit also stated that the affiant was informed by the commissioners that their award was of a less sum than it would have been but for the understanding that the report would be confirmed before the supposed repealing act took effect. There is no error or erroneous principle of estimate disclosed by this affidavit. On the supposition that the land-owner would be entitled, as matter of right, to farm crossings wherever they were needed, his damages would manifestly be less than if that right were to be denied him, and the award of the commissioners would properly be less in the former than in the latter contingency. It now appears that the whole discussion in the affidavit was based upon a misapprehension of the effect of the act of 1890, which, it seems, did not repeal, but saved, the provisions referred to of the general railroad act. But the inquiry is entirely immaterial, so far as this case is concerned. The award was in fact confirmed before the 1st day of May, 1891; so that, whether the act of 1890 had a repealing effect or not, the right of the land-owner to his farm crossings was secure. We find no ground upon which the award in this case can be disturbed, and we conclude that the order of confirmation must be affirmed, but without costs. Order appealed from affirmed, without costs of this appeal to either party. All concur.