SILVER CREEK & D. RY. CO. v. BAKER et al.

(Supreme Court, General Term, Fifth Department.    April 13, 1892.)

EMINENT DOMAIN—COMPENSATION—ELEMENTS OF DAMAGE.

The award of the commissioners appointed to appraise lands condemned for railroad purposes will not be set aside as excessive on the ground that witnesses for the land-owners were permitted to estimate the damages on the assumption that the lands at some future day might be divided into city lots and sold for greatly advanced prices, where the report of the commissioners shows that such testimony had no weight with them, in so far as it appeared to be speculative, and no erroneous principle is shown to have been adopted by the commissioners in estimating damages.

Appeal from special term, Chautauqua county.

Application by the Silver Creek & Dunkirk Railway Company to appraise the lands of Charles I. Baker and Edwin M. Hinman. From an order of the special term, confirming the award of the commissioners, and from the judgment entered on such award, the railway company appeals.  Affirmed.

Argued before DWIGHT, P. J., and MACOMBER and LEWIS, JJ.

C. D. Murray, for appellant.    George C. Stearns, for respondents.

MACOMBER, J.  The appellant filed its petition in the supreme court in pursuance of section 3360 of the Code of Civil Procedure for the acquisition of lands of Baker, Hinman, and others; and thereupon three commissioners were appointed under the statute to appraise the damages for such taking. The report of the commissioners awarded to the respondents, Baker and Hinman, the sum of $5,600. It also awarded damages to other land-owners; but no question arises upon this appeal, except in respect to the award to the respondents, Baker and Hinman. The appeal is brought in pursuance of section 3375 of the Code. The points made by the learned counsel for the appellant relate wholly to alleged errors of the commissioners in the reception and rejection by them of evidence. The subject-matter of these several exceptions has been considered in connection with the entire evidence in the case, and we do not think that there was any error upon the hearing which should lead us to a reversal of the determination made by the commissioners, although, if the action were one at law to be tried and determined exclusively by common-law rules of evidence, some doubt might exist touching several such exceptions. We think it is not necessary to examine these exceptions in detail, for, as a whole, they fall under one general observation, and that is the view which we have taken of the principle upon which the commissioners have proceeded in estimating the damages. It is quite true that some of the witnesses have proceeded upon an imaginary speculation, and hence erroneous basis; but this circumstance ought not to affect the decision of the commissioners unless it is shown that they have adopted an erroneous principle in estimating the damages. The respondents' lands consist of 104 acres, located in the town of Dunkirk, adjoining on the east the city of Dunkirk. The southerly end of this tract is bounded partly by a road known as the "Middle Road," a much-frequented thoroughfare leading into the city of Dunkirk, and by the Lake Shore & Southern Railroad. The north part of the land abuts upon what is known as the "Lake Road," also a thoroughfare leading into the city of Dunkirk, which meets the Middle road within the city at an acute angle. The construction of the plaintiff's railroad will divide diagonally this tract of 104 acres into two pieces, leaving about 45 acres on the south side thereof and the residue on the north side thereof. The amount of land actually taken is five acres and six hundred and forty-one thousandths of an acre. Some of the witnesses for the land-owners seem, in their testimony, to have estimated the defendants' damages on the assumption that these lands might at some future day be divided into city lots and sold for greatly advanced prices. This circumstance seems to be the general burden of the argument

of the learned counsel for the appellant, and from it it is argued that the award proceeded upon an erroneous basis, and hence should be set aside. But the report of the commissioners itself shows clearly that such testimony had no weight with them, in so far as it appeared to be speculative. These witnesses estimated the damages variously from $16,500, which was the largest sum, to $6,400, the smallest. The witnesses called in behalf of the railway company estimated the damages variously from about $900 to $3,000. It is clear that the commissioners have not been seriously influenced as to valuation by the testimony of the witnesses on either side, but rather have acted upon their own good judgment, knowledge, and sense. They have twice performed the duty imposed by the statute personally to examine the property which was proposed to be taken. 2 Rev. St. (7th Ed.) p. 1551, § 16. Before hearing any of the testimony they visited the *locus in quo,* and after receiving the testimony of seven witnesses on each side they again, in the light of such evidence, repaired to the premises, and again inspected them. They seem, therefore, to have acted with great caution and discrimination, and the award which they have made cannot, we think, be said to have been founded upon an erroneous theory of damages, nor does the same appear to be excessive. No erroneous principle is shown to have been adopted by the commissioners in estimating the damages, and consequently we find nothing in the case which would lead us to question in the least the fairness and justness of the estimates made by the commissioners. Where no erroneous methods of procedure are disclosed by the records, and no erroneous principles shown to have been adopted by the commissioners in making their award, it is the duty of the appellate court, which has not had the advantage of a personal inspection of the premises, not to seek for technical errors in the admission or rejection of testimony, but rather to affirm the appraisal where the commissioners have acted fairly, and have exercised properly a judgment which is required of them under the statute above referred to. *In re Buffalo & G. R. Co.,* (Sup.) 14 N. Y. Supp. 1. It follows, therefore, that the order and judgment appealed from should be affirmed.

Judgment and order appealed from affirmed, with costs. All concur.