nue crossing. As he was crossing Nostrand avenue, about abreast of the rear of the De Kalb avenue car, and while on the first or southerly bound track of the Nostrand avenue line, operated by the defendant, a car of that line shot rapidly over the crossing, and, striking the plaintiff, inflicted personal injuries, for which he has recovered.

The defendant offered no evidence in defense, but insists on the appeal that the complaint should have been dismissed for the plaintiff's assumed failure to establish freedom from contributory negligence. It is true that the plaintiff did not testify that he looked for a car from the north before stepping on the Nostrand avenue track, but he distinctly testified that he could not see the car until it struck him, because his vision was obstructed by the intervening De Kalb avenue car. The situation was therefore within the line of authorities which absolve the pedestrian from the exercise of a caution which would necessarily be futile in results, and is distinguishable from the situation presented in the cases cited by the appellant, where a glance would have disclosed the peril. There is no question but that the Nostrand avenue car was run over the crossing in this instance at a very high rate of speed, and without regard to the rule of diligence, which requires care to be taken at such a place to keep the car well under control, and upon which rule travelers are certainly entitled to rely to some extent. In view of all the circumstances, it seems clear that the case was properly disposed of, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.

_____

(89 App. Div. 166.)

## LONG ISLAND R. CO. v. REILLY et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. RAILROADS—RIGHT OF WAY—CONDEMNATION—AWARD—APPEAL.

    Where commissioners appointed to fix the damages for the taking of land for a railroad right of way viewed the premises, their award would not be disturbed on appeal as inadequate, unless it was apparent that injustice had been done, or that they had overlooked some material feature of the case, had proceeded upon an erroneous principle, or had been influenced by passion and prejudice.

Appeal from Special Term, Kings County.

Action by the Long Island Railroad Company against Mary A. Reilly and others. From an order confirming the report of commissioners of appraisal in proceedings to condemn land for railroad right of way, defendants Scholl and wife appeal. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Sanders Shanks, for appellants.
William J. Kelly, for respondent.

GOODRICH, P. J. The action was brought to acquire three parcels of land adjacent to the plaintiff's right of way near Jamaica,

¶ 1. See Eminent Domain, vol. 18, Cent. Dig. § 685.

Long Island, one of which was owned by. the defendant Daniel Scholl. The court gave judgment condemning the premises, and appointed three commissioners to ascertain the value of the land, which was unimproved. The commissioners personally viewed the premises, and took evidence of experts as to value, and reported such value to be $950. The owner and his wife appeal, contending that the value should have been 30 per cent. greater, or about $1,235.

The amount of the award is justified by the evidence, and we see no reason to interfere with it, all the more for the fact that the commissioners personally viewed the premises. "The rule,". said the court, in Manhattan R. Co. v. O'Sullivan, 6 App. Div. 571, 577 [40 N. Y. Supp. 326, 330], affirmed on the opinion below, 150 N. Y. 569 [44 N. E. 1125], "which governs upon the review of the award of commissioners is well settled. Every intendment is in favor of the. action of the commissioners. They are not confined to the evidence adduced before them, but may view the premises. The court not only lacks the opportunity of seeing the witnesses, which always leads an appellate tribunal to differ reluctantly with the trial court, but also is without this important aid, which is open to the commissioners. The practice in cases of this character, as was said by Van Brunt, P. J., in The Matter of the N. Y. E. R. R. Co. [Sup; 12 N. Y. Supp. 858], has been not to disturb the findings of the commissioners unless it is apparent that injustice has been done, or that they have overlooked some material feature of the case, or proceeded upon an erroneous principle, or been influenced by prejudice or passion."

The order should be affirmed, with costs. All concur.