(44 Misc. Rep. 126.)

## In re CITY OF NEW YORK.

(Supreme Court, Special Term, Kings County.   June, 1904.)

1. EMINENT DOMAIN—INTEREST ON AWARD.
     Where, in proceedings by the city of New York to condemn land, the city takes the property in advance of the termination of such proceedings and before confirmation of the commissioners' report, the commissioners cannot assess any part of the interest allowed the property owner as compensation for such taking on such property owner.

In the matter of the application of the city of New York in proceedings to condemn Eighth street.   Motion to confirm report of commissioners of estimate and assessment.   Denied.

John J. Delany, Corp. Counsel (James D. Bell and James F. Quigley, of counsel), for the motion.

Michael Furst (Joseph A. Burr, of counsel), for property owners, opposed.

KELLY, J.   I will not interfere with the decision of the commissioners in the matter of dividing the assessment for benefits.   That was a subject peculiarly within their jurisdiction, and their judgment should not be disturbed save on clear and unmistakable evidence of error or injustice.   The case does not present such erroneous principles. See Long Island R. R. Co. v. Reilly, 89 App. Div. 166, 85 N. Y. Supp. 875;   Matter of Willink Enerance, decided June 17, 1904.   Nor do I think the failure to award interest on the allowance for damages for change of grade calls for the denial of the motion to confirm their report.   But, notwithstanding the court's reluctance to prolong the proceedings—and I am free to say that I cannot understand the delay in completing these street opening proceedings as compared with other proceedings under the condemnation law, in which other classes of corporations are plaintiffs—I am of the opinion that the commissioners had no right to assess any part of the interest allowed the property owner on the taking of his property before payment back on the identical property owner who receives the interest.   If the provision which allows the municipal corporation to take the property of the individual against

89 N.Y.S.—49

his will, for the public use, in advance of compensation and payment, is constitutional—and it is easy to see how it can work great hardship in particular cases—it is justified only on the theory that the individual citizen receives something in the way of compensation. This is attempted to be provided for by allowing him interest on the value of his land from the date when he is deprived of it by force of the law, although his house and shelter may be taken from him, and he must await the termination of these lengthy proceedings before he receives the wherewithal to supply the loss. But to say that any part of this interest compensation may be taken from him in the same proceeding under guise of an assessment, or in any other way, seems to me to be in contravention of elementary principles of fair dealing, if, indeed, it does not destroy the very argument on which the constitutionality of the taking is based. I must therefore sustain the objection to the action of the commissioners in assessing any part of the interest awarded to the owner, Rogow, as compensation, back to his remaining property.

Ordered accordingly.