to the plaintiff's case, for it will never serve any purpose except to pro-. mote misunderstanding and confusion. A full analysis of the complaint will be found on an appeal from a judgment overruling a demurrer to this complaint which is decided herewith. 114 N. Y. Supp. 71.

The order should be reversed and the motion granted as to all of the complaint except the part stating the one cause of action.

Order reversed, with $10 costs and disbursements, and motion granted, as to all of the complaint except the part stating the one cause of action. All concur.

---

In re CROTON FALLS DAM AND RESERVOIR IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. EMINENT DOMAIN (§ 237*)—AWARDS—REVIEW.
   Reversal of an award of condemnation commissioners is not required because it is largely under the average amount of damages testified to by the property owners' witnesses, and in excess of the damages testified to by petitioner's witnesses, where the commissioners personally examined the property.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 611, 612; Dec. Dig. § 237.*]

2. EMINENT DOMAIN (§ 238*)—EVIDENCE BEFORE COMMISSIONERS—REVIEW.
   A certificate, made by condemnation commissioners after their report, that, before making and filing the report, they granted a motion to exclude certain testimony as to damages, action on which motion had been reserved by consent, and disregarded the testimony in reaching their conclusion, can be considered to show that the testimony was eliminated before the awards were made.
   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig § 238.*]

3. EMINENT DOMAIN (§ 237*)—AWARDS—REVIEW.
   Admission of incompetent testimony as to damages does not warrant reversal of condemnation commissioners' award where it does not appear that their action was affected by it, and there is competent evidence, including their personal inspection of the property, sustaining the award; it being insufficient that they "may" have acted on an erroneous principle.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 609; Dec. Dig. § 237.*]

4. EMINENT DOMAIN (§ 231*)—PROCEEDINGS—COMMISSIONERS—POWERS.
   Condemnation commissioners have peculiar powers combining those of both court and jury, determining the weight of evidence and credibility of witnesses; and viewing the property for themselves.
   [Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 231.*]

5. EMINENT DOMAIN (§ 237*)—PROCEEDINGS—COMMISSIONERS—REPORT—CONCLUSIVENESS.
   Condemnation commissioners' report and awards will not be vacated for inconsistencies or because an award may seem to an appellate court too large or too small, unless it is grossly inadequate or unequal.
   [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 611, 612; Dec. Dig. § 237.*]

Appeal from Special Term, Westchester County.

Application by the City of New York to acquire land for Croton Falls dam and reservoir. George Harold Brady and Concetta Butler

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appeal from an order setting aside the awards and report of commissioners as to two parcels of land owned by the appellants and taken by the respondent for the purposes of a dam and reservoir on Croton river, under the provisions of chapter 490; p. 666, Laws 1883, and amendatory and supplemental statutes, and ordering a new hearing before other commissioners. Reversed, and awards confirmed.

Argued before JENKS, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Henry R. Barrett, for appellants.
H. T. Dykman, for respondent.

RICH, J. Five witnesses were sworn before the commissioners by each side as to values. No objection or exception to their evidence was taken. The award made for parcel No. 69 was $40,490, which was $12,638 less than the average damage testified to by the appellants' witnesses. The award made for parcel No. 47 was $7,390, which was less by $5,118 than the average damages testified to by appellants' witnesses. The commissioners had the benefit of their personal view and examination of the property, in addition to the oral testimony, and the fact that the awards made were largely under the average of the witnesses sworn by the appellants, and also largely in excess of the damages testified to by the respondent's witnesses, does not of itself require the reversal of the award of the commissioners.

Upon the hearing, the appellants called three witnesses—a carpenter, a mason, and a plumber—for the purpose of proving the value of the buildings upon parcel No. 69, and offered in evidence itemized statements made by them of the quantity and value of the different materials in such buildings. This evidence was objected to as being offered for the purpose of establishing the structural value or cost of reproducing the buildings. Ruling was reserved, and the evidence received subject to a motion to strike it out. Later counsel directed the attention of the commissioners to this reservation, and moved to strike the evidence out as incompetent, improper, and immaterial. Decision was reserved on this motion for the consideration and ruling of the entire commission. The commissioners certify that they later granted this motion so far as the testimony related to values, and that, in arriving at their conclusion, they entirely disregarded such testimony and considered the realty as a whole, "as real estate with the erections and constructions upon it." This certificate was not made until after the report had been filed and their attention had been directed to the matter by counsel. It is contended by the respondent that this evidence was incompetent and influenced the result; that striking it out "after the report was made and filed was a nullity"; that the evidence remained in the case; and that it presents reversible error. Matter of N. Y., Lackawanna & Western Railway Co., 29 Hun, 1, is cited to sustain this proposition. In that case it was held that the certificate of one of several commissioners, made after the filing of their report, of the rule adopted in estimating damages, could not affect the validity of the report. The certificate under consideration is united in by all of the commissioners, and it does not show as asserted that the ruling was

made "after the report was made and filed," but before.  It is to the effect that at an executive meeting of the commissioners, held before the proceedings were completed, no stenographer being present, which may account for its not being in the minutes, they considered the motion to strike the evidence out, which was granted.  They had reserved the right to pass upon this question without objection by counsel for either party, and they did not consider the evidence thus stricken out. To this extent we think the certificate may be properly considered, and that the evidence objected to, upon the admission and effect of which this appeal is based, must be regarded as having been eliminated from the case before the awards were made, but if otherwise, and the evidence is, as claimed, incompetent, and in the case for our consideration, it affords no grounds for the action taken by the learned Special Term. There is nothing in the record showing that it in any manner affected the action of the commissioners, which is based upon competent evidence, including their personal inspection of the property, which is sufficient to sustain their finding; and it is well settled that an award by commissioners will not be set aside unless it affirmatively appears that they acted upon an erroneous principle.  It is not enough that they may have so acted.  Matter of Thompson, 14 N. Y. St. Rep. 522. They have peculiar powers, combining both those of a court and jury. It is for them to determine the weight to be given to evidence produced before them, and the credibility of the witnesses sworn.  They are to view the property for themselves, and reach such conclusion as in their judgment is just and proper.  Their report will not be reversed or awards set aside because of inconsistencies, or because their award may seem to an appellate court too large or too small, unless it is grossly inadequate or unequal.  To warrant a reversal, it must appear, not only that improper testimony was admitted, but that it affected the result, and directly resulted in an award which is an injustice to the one party or the other.  Matter of New York, W. S. & B. R. Co., 37 Hun, 317; Matter N. Y., L. & W. R. Co. v. Arnot, 27 Hun, 151; Matter of Newton, 63 Hun, 628, 19 N. Y. Supp. 573; Matter of Buffalo & Geneva R. Co., 59 Hun, 626, 14 N. Y. Supp. 1; Matter N. Y. El. R. Co., 58 Hun, 611, 12 N. Y. Supp. 858; Matter of Boston Road, 27 Hun, 410; Troy & Boston Railroad Co. v. Lee, 13 Barb. 169; Matter of Commissioners of Central Park, 51 Barb. 277; Matter of Norwood & Montreal R. R. Co., 47 Hun, 489; Matter of Daly v. Smith, 18 App. Div. 194, 45 N. Y. Supp. 785; Matter of Thompson, 121 N. Y. 277, 24 N. E. 472.

The order must be reversed, with costs, and the award and report of the commissioners as to parcels 47 and 69 confirmed, with costs.  All concur.