## CORNISH v. VILLAGE OF SOUTH NYACK.

(Supreme Court, Special Term, Rockland County. May 28, 1911.)

1. MUNICIPAL CORPORATIONS (§ 402*)—PUBLIC IMPROVEMENTS—DAMAGES—REPORT OF COMMISSIONERS—REVIEW.

On opposition to petitioner's motion to confirm a commissioners' report awarding damages for change of grade, the court has no power to modify the report or set it aside for mere inadequacy or excessiveness of award, unless so gross as to shock the conscience of the court, and it may not set aside a commissioners' award for being against the weight of evidence, but may set it aside only for errors of law by the commissioners, or because they adopted and proceeded upon some erroneous theory in fixing the damages, and an award which is only about one-half the amount of petitioner's net damage as fixed by her three expert witnesses, and only about the average of several amounts given by all the expert witnesses, is not excessive, so as to require a modification or setting aside of the report.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

2. MUNICIPAL CORPORATIONS (§ 402*)—PUBLIC IMPROVEMENTS—DAMAGES—COMMISSIONERS—POWERS.

Commissioners to make awards for damages from a change of grade are to view the property for themselves and reach such conclusion as in their judgment is just and proper, and it is for them to determine the weight to be given the evidence produced before them and the credibility of the witnesses; and they are untrammeled by technical rules of evidence, and unrestricted as to their sources of information.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

3. MUNICIPAL CORPORATIONS (§ 402*)—PUBLIC IMPROVEMENTS—DAMAGES—FEES OF COMMISSIONERS.

In the absence of a stipulation on the minutes which allows commissioners to award damages for change of grade to charge more than the statutory per diem fee of $6, they will be allowed only that amount.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 969–981; Dec. Dig. § 402.*]

Petition by Lillie B. Cornish against the Village of South Nyack for the assessment of damages for a change of grade. Motion to confirm commissioners' report opposed by the village. Report confirmed.

Frank Comesky, of Nyack, for petitioner.
John McFarlane, of Nyack, for Village of South Nyack.

TOMPKINS, J. The Village Law (Consol. Laws 1909, c. 64) § 159, provides:

"A person claiming damages from such change of grade, must present to the board of trustees a verified claim therefor within sixty days after such

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

change of grade is effected. The board may agree with such owner upon the amount of damages to be allowed to him. If no agreement be made within thirty days after the presentation of the claim, the person presenting it may apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled. * * * All proceedings subsequent to the appointment of the commissioners shall be taken in accordance with the provisions of the Condemnation Law, so far as applicable, except that the commissioners in fixing their award, may make an allowance for benefits derived by the claimant from such improvements."

[1] In this proceeding all the preliminary requirements having been complied with, three commissioners to.determine the compensation to be made to the petitioner were appointed by this court, and those commissioners have unanimously made a report awarding to the petitioner the sum of $824.20, and in their report the commissioners say that in fixing the amount of the award they have made allowance for all benefits derived by the petitioner from the change of grade, and the improvement of the public highways, by reason thereof.

This motion is made under the Condemnation Law for the confirmation of the said report, and is opposed by the village of South Nyack. On this motion the court has no power to modify the report, nor has it power to set it aside, except for errors of law by the commissioners, or because they adopted and proceeded upon some erroneous theory or principle in fixing the damages. That is the well-settled law of this state, and has been for several years. The appellate courts have repeatedly held that the court at Special Term cannot set aside an award made by the commissioners of appraisal solely on the ground that it is excessive or inadequate, except where it appears that an award is grossly excessive or inadequate, palpably wrong, so excessive as to shock the conscience of the court. That cannot be said of an award that is a little more than half of the amount fixed by all the petitioner's witnesses, and about or less than the average of the testimony of all the witnesses on both sides.

Without quoting from the decisions of the courts at length, it is sufficient to refer to the following cases, by which the rule has been laid down, that for mere inadequacy or excessiveness of awards, where commissioners are authorized by the statute to view the premises, the courts will not set them aside: Matter of Simmons, 58 Misc. Rep. 581, 109 N. Y. Supp. 1036; Long Island Railroad Company v. Rilley, 89 App. Div. 166, 85 N. Y. Supp. 875; Matter of City of New York, Croton River Dam, 129 App. Div. 707, 114 N. Y. Supp. 75, in which the court, speaking of commissioners of appraisal, said:

"They have peculiar powers, combining those of a court and jury. It is for them to determine the weight to be given the evidence produced before them and the credibility of the witnesses sworn. They are to view the property for themselves and reach such conclusions as in their judgment is just and proper. Their report will not be reversed or the award set aside because of inconsistencies, or because their award may seem to an appellate court too much or too small, unless it is grossly. inadequate or unequal."

[2] The commissioners in the case at bar have viewed the premises and have seen and heard the witnesses, and their conclusions upon the facts are for that reason made conclusive. In other words, they are the sole judges of the facts, and where they adopt and apply no er-

roneous principle or theory of law, and the award is not so grossly excessive as to indicate the influence of prejudice or passion, the law says that their findings upon the facts are final. In that respect their award is much like the verdict of a jury upon the facts, although the court may set aside the verdict of a jury if it is against the weight of evidence. Even that cannot be done with an award of commissioners under the Condemnation Law. As was said by the Appellate Division of the Supreme Court in Matter of the Town of Guilford, 85 App. Div. 209, 83 N. Y. Supp. 314:

> "The law requires that the award shall be made not by the court, but by a commission of three disinterested freeholders appointed by the court."

And, respecting the powers of the commissioners, the court in the same case said:

> "And in reaching their conclusion as to the value of a given piece of property they are guided by their own judgment and experience rather than by the opinion of witnesses, and are untrammeled by technical rules of evidence, and unrestricted as to their sources of information."

And it is because the commissioners are not confined to the sworn testimony of witnesses for their information, and may exercise their own judgment based upon their view of the premises, and any other knowledge that they may have, no matter from what source it may come, that the rule has been laid down forbidding the court to set aside an award merely because it may appear to the court from the sworn testimony of the witnesses that it is too high or too low; the reason for the rule being that the court cannot know how much, or what, information the commissioners gathered by their view of the premises, or what conclusions they formed therefrom.

There is no claim in the case at bar that any erroneous theory or principle was adopted by the commissioners, or that they were influenced by passion or prejudice, nor can it be said that the award is grossly excessive, or so excessive as to shock the conscience of the court, because, as has already been noticed, the award is only about one-half the amount of the petitioner's net damage, as fixed by her three witnesses, and only about the average of the several amounts given by all of the witnesses for the petitioner and the village. In such a case it cannot be said that an award is grossly excessive, nor can it be said in such a case that the award is at all excessive.

Several most reputable and competent real estate experts testified on both sides, widely differing, however, in their estimate of the damage done to the petitioner's property, and the benefits thereof from the improvement, but it was for the commissioners to reconcile their testimony, if they could do so, and, if not, to adopt the views of those witnesses whose testimony most strongly appealed to their own reason and judgment. And it is not for the court to attempt to reconcile the testimony of the witnesses, or to decide between them. That was the sole province of the commissioners. The petitioner's three witnesses, Voorhis, Morrell, and Kilby, substantially agreed in fixing the sum of $1,500 as the damage to the petitioner's property, after making full allowance for all benefits by reason of the change of grade,

and the improvement of Broadway and Voorhis avenue. While, on the other hand, the defendant's witnesses, Morrow, Goldsmith, McElroy, Dutcher, and Polhemus, testified in effect that there was no damage to the petitioner's property, but that, on the contrary, it was benefited by reason of the improvement of said streets, to the extent of at least $1,000. Here we have two sets of witnesses of equal credibility and experience widely apart on the question of damage and benefit. It was for the commissioners to determine between them, aided by their own views of the premises and their judgment based thereon. That is what the commissioners were appointed for, and their verdict upon those questions of fact is final, and is conclusive upon this court, inasmuch as there is no claim made that there was any error of law, or that the commissioners adopted an erroneous theory of damage or benefit.

This well-known rule of law was reiterated by the Appellate Division of the Supreme Court in this department in the case of Re Haring, 143 App. Div. 947, 128 N. Y. Supp. 1126, decided only this week, by which the judgment of this court, confirming the report of the commissioners appointed to determine the damage done to the petitioner's property by a change of grade of Main street of that village, was unanimously affirmed. This rule to which I have referred is so well settled that even though the award in this case were against the weight of evidence, and contrary to the court's own judgment of what the award should be, it is nevertheless powerless to set it aside. In other words, even though the court is of a different opinion respecting the weight of evidence on the question of damage or benefit, it is without power to set aside or modify the report of the commissioners. The wisdom of the law is not an issue here. The law must be applied in this case, even though it may in this one instance work what may seem to some an injustice, and even though it may accomplish an unpopular result. Nevertheless it must be followed because it is the law, and because in the great majority of cases it has been found to accomplish substantial justice.

[3] The commissioners by their report have certified their fees at the rate of $15 per day for five days. This is objected to by counsel for the village. I can find no stipulation in the minutes that authorizes the commissioners to charge more than the per diem fee fixed by the statute, which is $6 for every day actually engaged in the performance of their duties and their necessary expenses. They will, therefore, each be allowed the sum of $30, and their expenses as stated in their report. The matter of costs and disbursements will be disposed of at the time of the settlement of the order to be made hereon.