In the Matter of ARTHUR C. FORD et al., Constituting the Board of Water Supply of the City of New York, Relative to Acquiring Real Estate for and on Behalf of the City of New York, in the County of Delaware, for the Purpose of Providing Additional Water for the City of New York. JOSEPH SISKA et al., Respondents; CITY OF NEW YORK, Appellant.

Third Department, July 29, 1965.

*Leo A. Larkin, Corporation Counsel* (*Francis T. Murray, Seymour B. Quel* and *Theodore R. Lee* of counsel), for appellant.

*Herman E. Gottfried* (*Joseph C. Shapiro* of counsel), for respondents.

*Per Curiam.* These are appeals from an order of the Supreme Court, Delaware County, confirming so much of a report of the Commissioners of Appraisal as awarded damages to respondents.

The awards here involved were made by the commission pursuant to section K41–44.0 [now K51–44.0] of the New York City Administrative Code for alleged business damage caused by the city's construction of the Pepacton Reservoir. (The notice of appeal also covers certain awards made for indirect real estate damage, but the city has not argued the correctness of these awards before us and we thus consider that it no longer disputes their validity.) Our review in these cases is limited to rejecting '' a determination of the commissioners only for irregularity in the proceedings, or if based on an erroneous principle of law \* \* \* or, if it ' shocks not only one's sense of justice, but one's conscience ' '' (*Matter of Huie* [*Fletcher*], 2 N Y 2d 168, 171).

The city first contends that reversal is mandated by the proof of private consultations held by the Chairman of the commission with certain experts, for the purpose of aiding the Commissioners in their understanding of accounting and economic theories and methods employable in the evaluation of businesses and business damage. However, although we have deemed this procedure '' clearly irregular '' (*Matter of Ford* [*Normile*], 18 A D 2d 135, 136), there is no indication that any such consultation influenced the commission's determination (see *Matter of City of New York* [*Croton Riv. Dam*], 129 App. Div. 707, 709); and, further, appellant does not question the relevancy and propriety of the tests and standards which the Commissioners' report discusses and applies. Finally, and as hereinafter

appears, our decision rests upon a complete re-evaluation of the record and not, of course, upon any theories, erroneous or otherwise, developed by the Chairman in his consultations with experts in the fields of business and economics.

### CLAIM OF JOSEPH AND MARIE SISKA.

The claimants have been awarded $4,000 as damages for loss of a business consisting of selling, for landscaping purposes, brook stones, trees, shrubs, etc., found and grown on their land. While we have some difficulty in accepting this as a " business " under section K51–44.0 of the Administrative Code, in any event we find the award clearly excessive. First, the commission found that there " were no expenses, no chattels to be depreciated, no owners' services to be evaluated, no interest on capital to be deducted." It is evident, however, that since the supply of stones, shrubs, etc., was not inexhaustible, some cost factor should have been attributed in computing the net profits. Secondly, the commission found that the claimants during 1953 and 1954 sold stones, etc., from land acquired by the city in 1952, and yet apparently gave the city no credit for this in computing the award. Lastly and most importantly, assuming $610.62 as found by the commission to be the average net profit, then after deducting interest at 6% on the award it would require the application of the entire net profits for more than 10 years to reimburse a purchaser who paid the amount of the award for the business, during which period he would receive no profits from his investment (cf. *von Au* v. *Magenheimer,* 115 App. Div. 84, 86).

That portion of the order confirming the award for business damages to Joseph and Marie Siska should be modified, on the law and the facts, to reduce the award to $1,000, and, as thus modified, affirmed.

### CLAIM OF ELDRED AND FLORENCE SHAVER.

The Shavers were awarded $4,750 as business damages to their dairy farm. While the validity of such claims is well recognized (*Matter of Huie* [*Bouw*], 282 App. Div. 819), again we find the award made herein clearly excessive. First, the commission's report indicates that it considered additional costs of telephone, electricity and miscellaneous items and of obtaining seasonal help concerning which there is absolutely no evidence in the record. Secondly, it found a higher cost of hauling milk from the farm to the creamery, but the record clearly indicates the cost, after temporarily rising, returned to its former level. The most that can be found is some additional

cost of hauling feed over longer distances, a slight mileage increase on some other business related trips, and the loss of a free supply of sawdust from Arena.

That portion of the order confirming the award for business damages to Eldred and Florence Shaver should be modified, on the law and the facts, to reduce the award to $1,000, and, as thus modified, affirmed.

CLAIM OF STANLEY AND VIRGINIA REED.

The Reeds also run a dairy farm. For many of the same reasons previously discussed with respect to the Shavers, we find their award of $7,000 for business damages excessive. Their case is a little stronger only in that there is some evidence that their cost of seasonal help and milk haulage increased.

That portion of the order confirming the award for business damages to Stanley and Virginia Reed should be modified, on the law and the facts, to reduce the award to $2,000, and, as thus modified, affirmed.

CLAIM OF JAMES L. UTTER, LEONARD UTTER AND AGNES A. UTTER.

These claimants, also dairy farmers, were awarded $9,500 for business damages. Their claim is no better supported than the previous two and we are again constrained to find the award excessive.

That portion of the order confirming the award for business damages to James L. Utter, Leonard Utter and Agnes A. Utter should be modified, on the law and the facts, to reduce the award to $2,500, and, as thus modified, affirmed.

CLAIM OF HERMAN T. LUKOW, DOING BUSINESS AS DELAWARE MOTORS CO.

Claimant has been awarded $13,500 for a decrease in value of an automobile dealership conducted in Margaretville. The city asserts that the claim should be dismissed on authority of *Matter of Huie* (*White*) (13 A D 2d 596). The city further contends that in any event the evidence does not support the amount of the award. Claimant's figures for the period 1951 to 1954 show increasing gross receipts and diminishing net profits. This, claimant attributes partially to increased new car prices and partially to a reduced mark-up allegedly necessitated to induce the fewer customers in the reservoir area to purchase from him rather than his competitors. Yet claimant's own calculations of sales for the years 1951–1953 to customers in the reservoir area show no diminution. Only in 1954 is there any substantial reduction and there is no evidence connecting this drop to the city's project.

Upon the authority of *Matter of Huie* (*White*) (*supra*), and because the damages are in any event unsupported by adequate proof, that portion of the order confirming the award for business damages to Herman T. Lukow, doing business as Delaware Motors Co., should be reversed, on the law and the facts, and the claim dismissed.

### CLAIM OF SAMUEL AND MOLLIE LADENHEIM.

Claimants have been awarded $10,000 for alleged business loss to a garage and gasoline station business in Margaretville. We concur in the city's contention that this award must be reversed and the claim dismissed for the reasons advanced in *Matter of Huie* (*Arenson*) (18 A D 2d 270). There we stated (pp. 272–273): " There is no proof as to net bar receipts nor is there evidence of any bar receipts prior to 1949. We are mindful of the fact that during the period in question there was an influx of people working on the dam project. To substantiate his claim, a list of 34 former customers was used, some 24 of whom moved away. From the record we note that the largest total gross in 1947 was $36,533.74, the smallest in 1950 was $26,941.70 and the last year, 1954, was $31,396.09. We have difficulty in attributing these variations in the figures to some 34 customers. We also take cognizance of the testimony in the record that the total net profit derived from the business in 1949 was $13,077.51; in 1954, $24,565.62 and that the average for six years in question was $18,922.21. In our opinion, such evidence does not warrant or justify a naked award by the commission of $16,300 for business losses, but to the contrary we are convinced that the present record does not justify the award of any monetary damages." Here there are no figures prior to 1951, and those for 1951 to 1954 show a steady increase in gross receipts from roughly $55,000 to slightly over $137,000. While net profits increased only slightly during this same period, there is no indication whatsoever that this was in any way attributable to the city's activities.

That portion of the order affirming the award to Samuel and Mollie Ladenheim should be reversed, on the law and the facts, and the claim dismissed.

### CLAIM OF CROSBY BROTHERS.

Claimant has been awarded $11,700 for damage to its business enterprises located in Arkville. The claimant began selling feed in 1945. In 1947, it expanded into selling Kaiser-Frazer automobiles and farm equipment. The sale of automobiles and the sale of feed were discontinued in 1948 and 1950 respectively. Since 1951 only the sale of farm equipment has been continued.

As a result of these changes in businesses, it is hard to determine how claimant's fluctuating gross receipts and net profits during this period reflect the city's appropriation. There is, however, substantial evidence that the feed business was discontinued as a result of loss of customers due to the city's taking. It is also fair to assume that some loss would result to the farm equipment business. Nevertheless we find the commission's award clearly too high.

That portion of the order confirming the award for business damages to the Crosby Brothers should be modified, on the law and the facts, to reduce the award to $6,000, and, as thus modified, affirmed.

CLAIM OF LOUIS LEVY.

Claimant was awarded $10,800 for alleged business damage to his package liquor store in Margaretville. This claim, as the Ladenheims' previously discussed, must be dismissed on authority of *Matter of Huie (Arenson) (supra)*. The gross receipts and net profits fail to support the commission's award. Rather they show an increase rather than a decrease in business income.

That portion of the order confirming the award to Louis Levy should be reversed, on the law and the facts, and the claim dismissed.

GIBSON, P. J., HERLIHY, REYNOLDS, TAYLOR and HAMM, JJ., concur.

That portion of the order confirming the award for business damages to Joseph and Marie Siska modified, on the law and the facts, to reduce the award to $1,000, and, as thus modified, affirmed, without costs.

That portion of the order confirming the award for business damages to Eldred and Florence Shaver modified, on the law and the facts, to reduce the award to $1,000, and, as thus modified, affirmed, without costs.

That portion of the order confirming the award for business damages to Stanley and Virginia Reed modified, on the law and the facts, to reduce the award to $2,000, and, as thus modified, affirmed, without costs.

That portion of the order confirming the award for business damages to James L. Utter, Leonard Utter and Agnes A. Utter, modified, on the law and the facts, to reduce the award to $2,500, and, as thus modified, affirmed, without costs.

That portion of the order confirming the award for business damages to Herman T. Lukow, doing business as Delaware Motors Co., reversed, on the law and the facts, and the claim dismissed, without costs.

That portion of the order confirming the award to Samuel and Mollie Ladenheim reversed, on the law and the facts, and the claim dismissed, without costs.

That portion of the order confirming the award for business damages to the Crosby Brothers modified, on the law and the facts, to reduce the award to $6,000, and, as thus modified, affirmed, without costs.

That portion of the order confirming the award to Louis Levy reversed, on the law and the facts, and the claim dismissed, without costs.