witnesses as to its general reputation.   This evidence was proper for consideration upon the general question whether the relator, by a reasonably diligent prosecution of his duties as captain of the precinct, should have come to know of the character and reputation of these houses.   It constituted one element which the commissioners had a right to take into consideration in connection with other facts bearing upon that question.   It is said that the testimony of these witnesses should not have been received, because they made inquiry for the purpose of making themselves competent to testify as to the general reputation of the houses; and that, too, at a time subsequent to the period covered by the specifications.   The latter assertion is wholly erroneous, as the speech of people upon which the witnesses founded their knowledge of general reputation occurred during the period covered by the charges, and not subsequent thereto.   The other suggestion, that the witnesses went into the district for the purpose of qualifying themselves, is incorrect so far as Dr. Wetmore and Blatz are concerned.   Dr. Wetmore was a physician in the district, residing and practicing there, and had been for two years prior to the hearing. Blatz was in business in the district, and had lived there for more than 10 years.   The witness McFadden did go into the district for the purpose of getting information about it; and, if an exception had been taken to his testimony as to the general reputation of the houses, the question suggested would have been presented for consideration.   As it is, it is not before us.

The writ of certiorari should be dismissed, with $50 costs and printing disbursements.   All concur.

---

### In re TERMINAL RAILWAY OF BUFFALO.

(Supreme Court, Appellate Division, Fourth Department.   April 10, 1897.)

EMINENT DOMAIN—VALIDITY OF AWARD—INTEREST OF COMMISSIONER.
    An award will be set aside where one of the commissioners was interested in the landowner's financial condition.

Appeal from special term, Erie county.

Application by the Terminal Railway of Buffalo to appraise certain lands of Philip Bommer and others.   From an order setting aside the report of commissioners appointed in the proceeding the landowners appeal.   Affirmed.

The opinion of Mr. Justice LAUGHLIN, at special term, is as follows:

The petitioner in this proceeding, after the report of the commissioners had been filed, made a motion to set aside the report on the ground that Commissioner Walker was not disinterested, and was guilty of misconduct.   The motion was denied upon the ground that the facts failed to show any misconduct on the part of the commissioner, and that the facts with respect to the claim that he was not disinterested were not sufficiently shown.   The petitioner appealed from that ruling, but the decision of the court was affirmed by the appellate division.   43 N. Y. Supp. 1165.   The landowner now moves for a confirmation of the report.   The petitioner opposes the motion upon affidavits which it has been permitted to read, under the objection of the landowner that on such a motion the

court is confined to a consideration of the report of the commissioners, and the testimony taken before them, and such errors of law or irregularities as appear upon the face of the proceedings. It is stringently urged by the landowner that such is the proper construction of section 3371 of the Code of Civil Procedure. If that be the true construction of this provision of the Code, the landowner would be entitled to have the report of the commissioners confirmed, and the attorney for the railroad company does not seriously contend otherwise. The due administration of justice requires that the court should zealously guard the right of all litigants to a fair and impartial trial of questions concerning the ownership and value of their property before disinterested tribunals, and to insure this end the rigid rule must be adhered to that jurors and commissioners must, as matter of law, be disinterested, regardless of whether, in a particular case, we may be convinced that they have acted impartially. By failing to show all the facts on the motion heretofore made to set aside the report on this ground, or to obtain leave of the court to renew the motion, the petitioner is confronted with a new question, not free from doubt, namely, as to whether it can obtain the relief at this time, and in this manner. I am of the opinion, however, that the policy of the law upon this question is and should be such that the court may hear the complaint upon affidavits presented at this time. On the conceded facts now fully shown by the affidavits in opposition to the motion to confirm the report, I have reached the conclusion that, although Commissioner Walker had no interest in the land or award in question, yet he was, as a matter of law, interested in Bommer's financial condition, and therefore he was not disinterested under the law, and should not have been appointed a commissioner herein. I am satisfied, however, that the appointment was brought about without his knowledge, and that in accepting and acting under it he proceeded in entire good faith, believing that he had a right to sit on the commission. I am also convinced that the business relations existing between him, the Merchants' Bank, of which he was stockholder and officer, and the Savings & Loan Association, and Philip Bommer, the landowner, did not influence him in the discharge of his duties as such commissioner to the prejudice of the railroad company. The landowner knew of these business relations with Mr. Walker, and should have disclosed them to the petitioner or its attorneys; and, had he done so, the expense to which he has been put, and the delay in obtaining an award for his lands, might have been avoided. An order may be entered setting aside the report of the commissioners for irregularity and for error of law, it appearing that one of the commissioners was not disinterested; and it may be recited therein that the affidavits read by the petitioner for the purpose of showing that one of the commissioners was not disinterested were read under the objection duly raised by the landowner that the court was confined to errors or irregularities appearing upon the face of the proceedings, and thus the landowner will be in a position to have the order reviewed upon the precise ground upon which it is made, if he desires so to do. The order should also provide that a new hearing is directed herein, and new commissioners for that purpose will be appointed by the court on two days' notice by either party.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

Charles H. Ribbel and Henry F. Allen, for appellant.

Daniel H. McMillan, for respondent.

PER CURIAM. Order affirmed on the opinion of LAUGHLIN, J., delivered at special term, with $10 costs.