In the Matter of Acquiring Title by the MAYOR, Etc., to Certain Lands on Chambers Street, Etc.

(Supreme Court, New York Special Term, June, 1897.)

1. Commissioners to take private property — Appointment.

Where three commissioners have been appointed by a court of record, pursuant to article I of section 7 of the Constitution of this state, for the purpose of making compensation for private property which has been taken for a public use, and there is nothing to show that the action of the court in appointing the commissioners was not independent and untrammeled, beyond a statement contained in an affidavit that the deponent is informed and believes that the justice who appointed the commissioners had received and enter-tained, without the knowledge or consent of any of the property owners or their counsel, a suggestion by the corporation counsel of the city of New York of the names of two commissioners whose ap-pointment is sought to be set aside, that the justice appointed these commissioners in compliance with the suggestions of the corporation counsel, the court is not justified in presuming that a justice of the Supreme Court failed to act in accordance with the Constitution of the state.

**2. Same — Matters not disqualifying.**

> A person is not disqualified for appointment as such a commissioner, merely because he has been a city appointee and is at present at times employed by the city, nor is it a disqualification that one of the commissioners was interested in procuring the passage of the act (chap. 59, Laws of 1897) under which the commission was appointed.

MOTION to remove two commissioners appointed to condemn property.

Henry F. Miller, for Georgetta Brown and trustees of Sybil K. W. Hoffman, petitioners, for motion.

Francis M. Scott, corporation counsel (Theodore Connoly, of counsel), opposed.

TRUAX, J. It is provided by article I, section 7 of the Constitution of this state that when private property shall be taken for any public use, the compensation to be made therefor, when said compensation is not made by the state, shall be made by a jury, or not less than three commissioners appointed by a court of record, as shall be prescribed by law. It was held by the Court of Appeals in Menges v. City of Albany, 56 N. Y. 374, that where a law provides for ascertaining the compensation to be paid for property taken for public use the commissioners appointed for that purpose must be appointed by the court, and the action of the court must be independent and untrammeled. There is nothing in the papers before me to show that the action of the court in appointing the commissioners, whose appointment is sought to be set aside, was not independent and untrammeled. It is true that the affidavit used in support of the motion states that deponent is informed and verily believes that the justice who appointed the commissioners had received and entertained, without the knowledge or consent of any of the property owners or their counsel, the suggestion by the corporation counsel of the names of the two commissioners whose appointment is sought to be set aside, and that said justice appointed said commissioners in compliance with the said suggestion of the corporation counsel. This allegation amounts to nothing. Deponent does not state the sources of his information, nor does he state the ground of his belief, and I cannot hold on such a flimsy allegation that a justice of the Supreme Court of the state of New

York did not act in accordance with the Constitution of the state of New York. It is claimed that the appointment of one of the commissioners should be vacated because he was for many years in the employ of the city government and is now at times employed by the city government, and for that reason he is not the "disinterested" person required by section 6 of chapter 59 of the Laws of 1897, under which law these commissioners were appointed. There is no claim that said commissioner has any interest in the property to be taken, or in any property in this neighborhood, and I do not think that the fact that he has been employed by the city, or is now occasionally employed by the city, is sufficient reason for setting aside his appointment. It is also claimed by the moving parties that another of the commissioners was interested in procuring the passage of the act under which this commission was appointed, and, for that reason, he is not a "disinterested" person. It was said by Mr. Justice Follett, in People ex rel. Edwards v. Potter, 36 Hun, 181, that a person who had been an applicant to the highway commissioner to lay out a public highway was not a disinterested person to be appointed a juror to assess the value of the land taken for such highway, and this because, as Justice Follett said, "applicants are to all legal intents and purposes parties. If the jury fails to certify that the proposed highway is necessary, the applicants are liable for the costs of the proceedings." "It is very plain," he continues, "that applicants are not proper persons to serve as jurors and decide a question which they have predetermined, and in the decision of which they have a direct pecuniary interest." This case is not an authority, because the city in this proceeding is the applicant, and the interest of the commissioner above referred to is not that of the person mentioned by Mr. Justice Follett. A later case is that of the Terminal Railway, 16 App. Div. 516. In this last case, it was said that the commissioner had no interest in the land or award in question, yet he was as matter of law interested in the financial condition of the person whose land was taken. It was held in People ex rel. Downey v. Dains, 38 Hun, 43, that the validity of proceedings to lay out a highway was not affected by the fact that some of the jurors who assessed the value of the property taken had signed the petition for the laying out of the highway, and to the same effect is Buckley v. Drake, 41 Hun, 384. Motion denied, with $10 costs.

Motion denied, with $10 costs.