### In re CENTRAL NEW YORK TELEPHONE & TELEGRAPH CO.

(Supreme Court, Appellate Division, Third Department.   January 25, 1899.)

1. CONDEMNATION PROCEEDING—COMMISSIONERS' AWARD—MODIFICATION.

    Under Code, § 3371, authorizing the court at special term on application to confirm the report of commissioners in a condemnation proceeding, or set it aside for irregularity or excessiveness, the court cannot, if it deem the award excessive, modify it, and confirm it as modified.

2. SAME—APPEAL—APPOINTMENT OF NEW COMMISSIONERS.

    Under Code, § 3377, providing that on an appeal from a final order in a condemnation proceeding the court may direct a new appraisal before the same or new commissioners, the court, on appeal from an order modifying the report of commissioners for excessiveness, instead of setting it aside, may set aside the award, and direct a rehearing before new commissioners.

3. SAME—COSTS.
    Where the court at special term erroneously modifies the report of com-
    missioners, instead of setting it aside, as provided by Code, § 3371, an
    award of costs against plaintiff is unwarranted.

Appeal from award of commissioners.

Application of the Central New York Telephone & Telegraph Com-
pany for condemnation of a right of way in the town of Canton, St.
Lawrence county, belonging to Henry Woods and others. From an
order modifying the report of the commissioners, both parties appeal.
Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUT-
NAM, and MERWIN, JJ.

Miller, Fincke & Brandegee, for plaintiff.
Thomson, Woods & Smith, for defendant.
Lawrence Russell, for general guardian of infant.

PER CURIAM.   When the defendants against whom these condem-
nation proceedings were prosecuted applied to the special term for
an order confirming the report made by two of the commissioners,
the court made the order in the following terms: "It is ordered and
adjudged that said report be in all things confirmed, except as to the
award of damages, and, in that regard, that said award be modified
to the sum of thirteen dollars; the award made being deemed ex-
cessive." Such was the whole of the order, except that part allow-
ing costs to the defendants against the plaintiff. The defendants have
appealed from so much of that order as modified the report by reducing
the amount of the award to thirteen dollars. The plaintiff has ap-
pealed from that part of the order allowing costs against it.

It is clear that the court had no authority to modify the report.
Section 3371 of the condemnation law provides that the court may
confirm the report, or may set it aside, for irregularity, etc., or upon
the ground that the award is excessive or insufficient; but nowhere
is it given the power to modify it.   Both the constitution and the
statute require that the award shall be made, not by the court, but by
a commission of three freeholders appointed by the court. When,
therefore, the court "deemed the award excessive," it should have set
aside the report.  The court declined to confirm the report, so far as
it awarded damages, and clearly it had no right to confirm it as modi-
fied.   We must, therefore, upon this appeal of the defendants, reverse
the confirmation of the report as modified; and, inasmuch as that
leaves the report wholly unconfirmed, on the ground that the award
was excessive, it must be set aside, and a rehearing must be had
before the same or new commissioners.  Such is the order which the
special term should have made.  See Code, § 3371.  And such order
may now be made by this court.   Id. § 3377.

The order being erroneous, as above stated, the award of costs
against the plaintiff was equally unwarranted.  The whole order,
therefore, is reversed, and a rehearing is ordered before new commis-
sioners, to be appointed by the court at special term, upon notice
duly given.  No costs on this appeal are allowed to either party.