of the receiver to the effect that he was informed by the tenants that they had paid rentals, aggregating this amount, to the agent of the appellant; but the affidavits of the tenants were not produced. This affidavit, however, shows that all of such rentals accrued on July 1st, except two items,—one of $48, for rent of "first floor, east side, July 1st to September 1st," and one of $52, for rent "fourth floor, east side, July 1st to September 1st." It is claimed by the respondent that half of each of these two items is for rent for the month of August; but it appears by an answering affidavit that the appellant's agent had previously arranged with some of the tenants; as an inducement for them to remain in the apartments for the following year, to give them the use of the apartments for the month of August free, and the fair inference is that these two items were for the rent due on July 1st for the month of July, and that, pursuant to this arrangement, it was understood that they were to cover the period until September 1st.

It is manifest, therefore, that the appellant was not guilty of contempt, and it follows that the order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.

---

(74 App. Div. 341.)

### MANHATTAN RY. CO. v. COMSTOCK et al.

(Supreme Court, Appellate Division, First Department. July 8, 1902.)

1. APPEAL—CONDEMNATION PROCEEDINGS—AWARD OF COMMISSIONERS.
   Where commissioners of appraisal in condemnation proceedings viewed the premises, and the estimates of witnesses as to value differed materially, the award will not be disturbed, although it might be more satisfactory if smaller, where it does not appear that the commissioners proceeded on an erroneous principle, or were influenced by passion or prejudice, or overlooked or disregarded the evidence, and for that reason injustice has been done.

Appeal from special term.

Application by the Manhattan Railway Company against W. T. Comstock and others for the condemnation of property. From an order confirming a report of the commissioners of appraisal, plaintiff appeals. Affirmed.

See 69 N. Y. Supp. 668.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Arthur O. Townsend, for appellant.

C. N. Bovee, Jr., for respondents.

James C. Bushby, guardian ad litem for certain infants.

McLAUGHLIN, J. The appellant instituted, for the purposes of its railroad, proceedings under the statute, for the condemnation of certain real property located at 161 and 348 Bowery, in the city of New York. Commissioners of appraisal were appointed, and, after taking evidence and personally viewing the property to be taken, a report was made, in which a majority of the commissioners concurred, fixing the

¶.1. See Eminent Domain, vol. 18, Cent. Dig. § 685.

damages at $8,000 for 161 Bowery, and $6,712.50 for 348 Bowery. The report was subsequently confirmed, and from the order of confirmation the railroad company appeals. It asks that the order be reversed and the report set aside, and new commissioners appointed, principally upon the ground that the damages awarded are excessive.

We have carefully examined the evidence bearing upon the damages awarded, and, while it might be more satisfactory if a less sum had been awarded, nevertheless it cannot be said that there is no basis for the award, or that the evidence does not sustain it; nor can it be said that the commissioners, in making it, did not proceed strictly in accordance with the rules governing proceedings of this character. The rule which governs upon the review of an award of commissioners in condemnation proceedings is well settled, and that is that every intendment is in favor of the action of the commissioners, and their report will not be disturbed unless the court can clearly see that they have proceeded upon an erroneous principle, or have been influenced by passion or prejudice, or have overlooked or disregarded the evidence, and for that reason injustice has been done. Railway Co. v. O'Sullivan, 6 App. Div. 571, 40 N. Y. Supp. 326, affirmed in 150 N. Y. 569, 44 N. E. 1125; In re New York El. R. Co. (Sup.) 12 N. Y. Supp. 858. When this award is tested by this rule, it at once becomes apparent that no facts are set forth in this record which would justify the court in interfering with the report of the commissioners. Witnesses were produced by the respective parties, and, while their estimates of value differed very materially, it was peculiarly for the commissioners to determine which it would, if either, believe; and, in addition to this, they were not confined to the testimony of the witnesses or the evidence adduced before them, but they had the right, as they did, for the purpose of ascertaining and fixing the damages, to view the premises. It cannot, therefore, be said that the damages awarded are excessive, or that injustice has been done to the appellant.

The appellant also complains of the award made to the guardian ad litem,—not that the court did not have the power to make an award, but that the amount awarded is excessive. There have been practically three hearings before the commissioners, and this, taken in connection with the former appeal to this court and the court of appeals, was sufficient, we think, to justify the court in making the award which it did.

The order appealed from, therefore, must be affirmed, with $10 costs and disbursements. All concur.