(85 App. Div. 207.)

### In re TOWN OF GUILFORD.

### TOWN OF GUILFORD v. BRADBURY et al.

(Supreme Court, Appellate Division, Third Department. June 30, 1903.)

1. EMINENT DOMAIN—CONDEMNATION PROCEEDINGS—AWARD OF COMMISSIONERS.
—APPEAL.
    Code Civ. Proc. § 3375, provides that in condemnation proceedings appeals may be taken from final orders; that such appeals bring up for review all proceedings subsequent to the judgment that condemnation was necessary, and also the original judgment and all antecedent proceedings, where appellant states in his notice of appeal that the same

will be brought up for review, and a case therefor, or a case and exceptions, has been settled; and that the court, in its discretion, may direct a new appraisal, before the same or new commissioners, which shall be conclusive. *Held*, that the direct authority to appeal from "final orders" was not exclusive of other orders, and an appeal would lie from an order of the special term setting aside the award of the commissioners as excessive.

2. SAME—POWER TO MODIFY AWARD.

Under Code Civ. Proc. § 3371, providing that in condemnation proceedings the court may·confirm the award of the commissioners, or may set it aside, the court cannot modify the award if excessive, but should set it aside.

3. SAME—CONSTRUCTION OF ORDER.

But if the property owners refuse the stipulation in an order to set aside the award unless they consent to a reduction, the legal effect of the order is one setting aside the award.

4. SAME—MOTION TO SET ASIDE—AFFIDAVITS.

A motion to the court to set aside an award of commissioners in condemnation proceedings is not a rehearing on the merits, and it was error to receive further affidavits as to value of the property.

5. SAME—APPEAL—DUTY OF APPELLATE DIVISION.

On an appeal from an order of the Special Term setting aside an award of commissioners in condemnation proceedings, it is the duty of the Appellate Division to determine on the facts whether the matter should be sent back to commissioners.

6. SAME—EVIDENCE—SUFFICIENCY.

Evidence in proceedings for the condemnation of land for a highway examined, and *held* to sustain the award of damages made by the commissioners.

7. SAME—DISCRETION OF COMMISSIONERS.

In condemnation proceedings the award of the commissioners should not be disturbed unless it is apparent that injustice has been done, or that they have overlooked some material feature, or proceeded on an erroneous principle, or been influenced by hearsay or passion.

8. SAME.

In condemnation proceedings the commissioners in reaching their conclusion as to the value of a given piece of property are guided by their own judgment and experience, rather than by the opinion of witnesses, and are untrammeled by technical rules of evidence, and unrestricted as to their sources of information.

Appeal from Special Term, Broom County.

Condemnation proceedings by the town of Guilford against George Bradbury and another. From an order setting aside the award of commissioners unless defendants would consent to a reduction, defendants appeal. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Wordsworth B. Matterson, for appellants.
Hubert L. Brown, for respondent.

HOUGHTON, J. The defendants against whom these condemnation proceedings were prosecuted moved at Special Term for an order confirming the report of the commissioners in their favor. On the coming on of the motion there were presented to the court on behalf of the town, and allowed to be read, against the objection of the defendants, 20 odd affidavits expressing opinions that the award was excessive, and giving the estimates of the affiants as to what the award

ought to have been. The Special Term ordered that the report of the commissioners be set aside, and a rehearing had before the same commissioners, unless the defendants stipulated to reduce the award made at $510 to $350, on the ground that the award was excessive. Objection is made that such an order in condemnation proceedings is not appealable to this court.

In the case of Manhattan Railway Co. v. O'Sullivan, 6 App. Div. 572, 40 N. Y. Supp. 326, the authorities upon the power of the appellate court to review the order of the Special Term setting aside the report of commissioners in condemnation proceedings are collated and discussed, and the conclusion reached that such an order was appealable, notwithstanding the peculiar provisions of sections 3371 and 3375 of the Code of Civil Procedure. The power of the court was deemed to be inherent to review, where a substantial right had been invaded, although not especially conferred by the condemnation law. This decision was subsequently affirmed by the Court of Appeals on the opinion of the court below. Manhattan R. R. Co. v. O'Sullivan, 150 N. Y. 569, 44 N. E. 1125.

The Special Term could not modify the award of the commissioners. Section 3371 of the Code provides that in condemnation proceedings the court may confirm the report, or may set it aside for irregularity, or upon the ground that the award is excessive or insufficient, but nowhere is it given the power to modify it. The law requires that the award shall be made, not by the court, but by a commission of three disinterested freeholders appointed by the court. If the court deemed the award excessive it should have set it aside. Matter of Central N. Y. Tel. Co., 36 App. Div. 553, 55 N. Y. Supp. 729.

It was not proper for the court to allow the party against whom the report was made to read affidavits impeaching the report. A motion to confirm or set aside is not a rehearing upon the merits of the matter on which additional proof can be given by either party. It is only where some of the commissioners are alleged to have been guilty of some misconduct, or not to be disinterested, that affidavits may be read upon those questions on an application to confirm the report. Matter of Terminal Railway, 16 App. Div. 515, 44 N. Y. Supp. 1012.

The defendants declined to stipulate to reduce the award to the amount provided in the order, and the order, in legal effect, is one setting aside the award. It becomes our duty to determine whether or not the Special Term should have confirmed the report of the commissioners, or whether the final result should be the sending of the matter back to the same commissioners or to new commissioners to be appointed by the court. Manhattan R. Co. v. O'Sullivan, 6 App. Div. 572, 40 N. Y. Supp. 326.

We see no reason why the award of the commissioners should not be confirmed. The defendants' premises lay adjacent to the railroad and to a village. The petition of the town on the appoinment of the commissioners shows that the purpose of laying out the highway through the defendants' lands was to consolidate two highways, which crossed the railroad at grade, into one undercrossing. It does not appear how much excavation was necessary for the undercrossing of the highway laid out through defendants' lands, but the commission-

ers viewed the premises and saw the situation. The road went diagonally through the defendants' lands, and, as some of the witnesses say, without the highway a street could have been laid through the center and lots sold off from both sides, whereas, as cut by the highway, the lan's were greatly injured. By agreement, four witnesses as to value were sworn upon each side. Some of the witnesses sworn for the defendants put the difference in value as high as $600, and the witnesses for the plaintiff fix the difference from nothing to $150. Some of the witnesses took into consideration the fact that fences would have to be maintained upon the new highway, and others did not. The commissioners do not appear to have adopted any incorrect principle in determining the value of. the property condemned, and for aught that appears they were men of character and intelligence. They were selected by a justice of this court from his own county of Broom, and were therefore not residents of the county of Chenango, in which the town of Guilford is, and were, presumably, not influenced by any local prejudice or bias. Although only about an acre and a half of a 10-acre tract was taken by the road, and a three-cornered piece of land, which was conceded to be worthless, yet the commission thought, after viewing the premises and hearing the witnesses, that the damage was $500.

The practice in cases of this character is not to disturb the findings of the commissioners, unless it is apparent that injustice has been done, or that they have overlooked some material feature of the case, or proceeded upon an erroneous principle, or been influenced by hearsay or passion. And in reaching their conclusion as to the value of a given piece of property they are guided by their own judgment and experience rather than by the opinion of witnesses, and are untrammeled by technical rules of evidence, and unrestricted as to their sources of information. City of Syracuse v. Stacey, 45 App. Div. 249, 60 N. Y. Supp. 1106; Manhattan Railway Co. v. O'Sullivan, 6 App. Div. 572, 40 N. Y. Supp. 326; Village of Port Henry v. Kidder, 39 App. Div. 640, 57 N. Y. Supp. 102; Matter of Manhattan Railway Co. v. Comstock, 74 App. Div. 341, 77 N. Y. Supp. 416. There is nothing in the record showing that the award is excessive, and it is by the record alone that the court must be guided.

The order appealed from should be reversed, with $10 costs and disbursements, and the report of the commissioners confirmed. All con cur, SMITH, J., in result.