(68 Misc. Rep. 85.)

### In re BENSEL et al.

(Supreme Court, Special Term, Westchester County. June 29, 1910.)

EMINENT DOMAIN (§ 233*)—COMPENSATION—DUTY OF COMMISSIONERS.

Under the statute requiring the commissioners in proceedings to acquire land for a public use to hear proofs of the parties, reduce the testimony to writing, and file it with their report, the commissioners cannot disregard all the testimony and fix an amount that is without any support in the evidence, at least not without stating in their report some basis for their conclusions, or some theory of their own, though they viewed the property.

[Ed. Note.—For other cases, see Eminent Domain, Dec. Dig. § 233.*]

Application of John A. Bensel and others for the acquisition of land for public use. The Knollwood Park Company appeared, and objected to the confirmation of the report of the commissioners. Report set aside, and matter referred back to the commissioners for rehearing.

W. R. & A. S. Oglesby, for claimants.

Archibald R. Watson, Corp. Counsel (I. J. Beaudrias, of counsel), for City of New York.

TOMPKINS, J. The Knollwood Park Company objects to the confirmation of the report of the commissioners as to parcels Nos. 1,072 to 1,086, inclusive, on the ground that there is no evidence to support the awards as made, and that they are wholly inadequate.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The awards are very much less than the lowest values fixed by the petitioner's witnesses. For instance, the tract known as "Nos. 1072–1079" is valued at the sum of $51,840 by the owner's highest expert witness, and at the sum of $20,197 by the petitioner's lowest expert, while the award made by the commissioners is the sum of $12,716. Parcel No. 1,082 was testified by the claimant's three witnesses to be worth $13,000, and by the petitioner's witnesses to be worth $9,200, while the award is $5,200, and so it is with every parcel. The award is considerably less than the lowest figure given by the petitioner's witnesses, and I am unable to find any testimony in the record to support these awards. Nor do the commissioners in their report give any reason for disregarding all the evidence given before them, nor do they assign any reason for their awards, or give the theory upon which they proceeded in reaching their conclusions.

While it is true that the reports show that they viewed the property, and after "making said views and examinations, and carefully considering the same, did ascertain and determine the compensation which ought justly to be made," etc., yet it is my opinion that in these proceedings, where the statute requires the commissioners to hear the proofs and allegations of the parties, and reduce the testimony to writing, and file it with their report, they cannot disregard all the testimony, and fix an amount that is without any support in the evidence, at least, not without stating in their report some basis for their conclusions, or some theory of their own, or some reason appearing to them for their conclusions, outside of the testimony. It may be that their several views of these premises, and the information thereby acquired, and information from other sources, and their own experience and judgment, satisfied them that even the petitioner's witnesses gave figures far beyond the true values of the parcels in question; but in that event, and to justify the awards as made, I think the commissioners should have given in their report their reasons for disregarding all the testimony, and for fixing the awards as they did. As the record stands, and according to all the testimony of the sworn witnesses, the awards are altogether inadequate.

In the Matter of Simmons (Ashokan Reservoir), 132 App. Div. 574, 116 N. Y. Supp. 952, the witnesses for the petitioner fixed the value of the property at $9,000, and the commissioners made an award of $7,750, and the Appellate Division of the Third Department refused to disturb the award, for the reason that it appeared in the record that the property in question had been assessed at $1,200, and that that was some evidence of value appearing in the record which the commissioners were presumed to have considered, and on the question of the duty of the commissioners respecting the evidence the court said:

"It is quite true that the commissioners were not at liberty to disregard the evidence which the parties produced. It is said that, although the commissioners may act upon knowledge acquired aliunde the record, nevertheless knowledge thus acquired should only be used for the purpose of weighing and giving proper effect to the record evidence, and that their determination, when reviewed on appeal, must appear to have some support in the evidence appearing in the record. It is urged that when a party takes property by the right of eminent domain, and produces evidence as to the value of such

property, it may justly be assumed that the value thus fixed represents the minimum which a court should be willing to allow for property thus forcibly taken; that it is reasonable to assume that when a party places a value upon property, which he is willing to pay therefor, and produces expert witnesses to establish such value, the value as thus estimated bears such an element of probability that it should be accepted. We do not think that this case presents that question. The order appealed from shows on its face that the appellant's property was assessed at $1,200. This is some evidence of value appearing in the record, which the commissioners are presumed to have considered, and we are not disposed to hold that $7,750 is an inadequate compensation for property assessed at $1,200 by public officers personally acquainted therewith."

In the case at bar nothing appears in the record on the question of value save the testimony of the several witnesses. In the Matter of the City of New York (Blackwell's Island Bridge), 122 N. Y. Supp. 328, Mr. Justice Giegerich says of proceedings similar to these:

"The duty prescribed by section 1437 of the Greater New York Charter of viewing the lands, tenements, and premises required for public use and purposes does not, therefore, mean that the commissioners may base their award wholly upon the information obtained by them at the view, and disregard altogether the testimony taken in the proceedings before them. On the contrary, such view 'is for the purpose of enabling them to better understand the evidence.' Perkins v. City of New York, 113 N. Y. 660 [21 N. E. 397]; Matter of Thompson, 121 N. Y. 277 [24 N. E. 472]; Manhattan Ry. Co. v. Comstock, 74 App. Div. 341 [77 N. Y. Supp. 416]; Matter of St. Nicholas Park, N. Y. Law J. Nov. 21, 1900."

Even though the commissioners had a right to disregard all of the sworn testimony, and base their award upon their view of the premises and information obtained from other sources, their report should show how and by what process of reasoning their conclusions were obtained, especially where such conclusions are not supported by any testimony, or any other fact shown by the record, so that the court, in reviewing their report, may have something before it to enable it to determine whether or not a correct theory was adopted and followed by the commissioners.

The report of these commissioners as to the Knollwood Park Company's property should be set aside, and the matter referred back to the same commissioners for a rehearing, and a new or supplemental report thereon.