that that section of the Code has any application. The evidence simply proved an admission of the defendant against her interest. The fact that the admission was given under sanction of an oath and as a witness in a civil suit does not render it incompetent. It simply tends to make it stronger. The defendant was in court at the time this evidence was given by plaintiff's attorney, and failed to take the stand and contradict it. That of itself is indication of its truth.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.

LEHMAN, J., concurs in result. PAGE, J., concurs.

---

### NEW YORK CENT. & H. R. R. CO. v. MILLS et al.

(Supreme Court, Appellate Division, Second Department. December 12, 1913.)

EMINENT DOMAIN (§ 134*)—TAKING OF LANDS.

    In condemnation proceedings, the real question being what has the owner lost, neither the value of the land for a railroad station, where it was not particularly adapted to that purpose but was only located near the line of the railroad, nor the value of the land as near to the point where a station would be established, can be considered in estimating the owner's damage for land taken for a station.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 356; Dec. Dig. § 134.*]

Appeal from Special Term, Westchester County.

Action by the New York Central & Hudson River Railroad Company against Priscilla Mills and others, substituted for Abner B. Mills and others. From a judgment of the Special Term setting aside the report of Commissioners of Appraisal awarding compensation for lands taken, plaintiff appeals. Reversed, and award of Commissioners confirmed.

See, also, 157 App. Div. 932, 142 N. Y. Supp. 1132.

Argued before JENKS, P. J., and THOMAS, RICH, STAPLETON, and PUTNAM, JJ.

George H. Walker, of New York City, for appellant.
Jeremiah D. Toomey, of Mt. Vernon, for respondents.

PUTNAM, J. The land sought to be acquired for a railroad station has a frontage of about 40 feet on the west side of West street, Mt. Vernon, a depth of 115 feet, with an area of 4,840 square feet. The commissioners of appraisal awarded $8,500. In pursuance of an order (affirmed by this court), the commissioners filed a further and supplemental report stating the grounds of their decision. Thereafter, the court at Special Term granted the motion of the defendant to vacate and set aside the award on the grounds that it was insufficient and that the commissioners had adopted an erroneous principle.

The supplemental report does not show that the commissioners proceeded on a wrong theory, and the testimony does not indicate that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the sum awarded was inadequate. While the commissioners may regard any use for which the property is advantageously adapted, and even a special value to the party condemning, if by reason of some intrinsic quality in the property itself, the real question is, what has the owner lost; not what has the taker gained?

Defendants' experts erroneously estimated a value, not upon the property itself nor on the market as shown by sales in the vicinity, but principally upon its use as a railroad station, or as if it were land adjoining such a railroad station. But there was no evidence that this property was specially adapted for these purposes. The mere fact that it is within the lines of location of the railroad does not give it additional value. Its condition and situation are to be considered at the time it is taken, and not as enhanced by the purpose for which it is taken. Matter of New York, Westchester & Boston R. Co., 151 App. Div. 50, 135 N. Y. Supp. 234; Matter of Simmons, 130 App. Div. 356, 141 N. Y. Supp. 575; Id., 195 N. Y. 573, 88 N. E. 1132; sub nomine McGovern v. City of New York, 229 U. S. 363, 33 Sup. Ct. 876, 57 L. Ed. 1228.

Leaving out of consideration the purpose for which plaintiff seeks this land, the testimony indicated about $4,100 as value of the land itself, with $3,500 for the buildings. · Hence the commissioners' award of $8,500 was not inadequate.

The order appealed from should be reversed, with $10 costs and disbursements, and the award and report of the commissioners confirmed, with costs. All concur.