---

## NEW YORK CENT. & H. R. R. CO. v. NEWBOLD et al.

(Supreme Court, Appellate Division, Second Department. January 22, 1915.)

1. EMINENT DOMAIN (§ 231*)—ASSESSMENT OF COMPENSATION—BOARD OF COMMISSIONERS—POWERS.

In condemnation proceedings by a railroad, the commissioners are not restricted in their award to a choice between opposed experts' estimates of value of the land condemned.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 585–589; Dec. Dig. § 231.*]

2. EMINENT DOMAIN (§ 262*)—ASSESSMENT OF COMPENSATION—AWARD OF BOARD OF COMMISSIONERS.

The conclusion of commissioners in condemnation proceedings by a railroad as to the value of the land, especially when formed after viewing the premises, is not to be disturbed on appeal, unless it appears to be the result of oversight or disregard of all the evidence, or unless the commissioners have erred in their theory of the award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

3. EMINENT DOMAIN (§ 203*)—ASSESSMENT OF COMPENSATION—EVIDENCE OF DAMAGE.

In condemnation proceedings by a railroad, just compensation includes damages to the remainder of the tract, a part of which has been condemned, and evidence as to the cost of reconstruction of buildings on such uncondemned remainder was properly heard by the commissioners.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 542; Dec. Dig. § 203.*]

4. EMINENT DOMAIN (§ 262*)—ASSESSMENT OF COMPENSATION—EVIDENCE.

A ruling of commissioners in condemnation proceedings, admitting evidence bearing on the amount of an award, although erroneous, is not ground for reversal, if the award is supported by other sufficient evidence.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686; Dec. Dig. § 262.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

5. Appeal and Error (§ 971*)—Questions of Fact—Qualification of Experts.

    The qualifications of expert witnesses are for the trial court to determine, and its ruling on the point is not reviewable, if there is some fair proof to sustain it.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3852–3857; Dec. Dig. § 971.*]

Appeal from Special Term, Dutchess County.

Condemnation proceedings by the New York Central & Hudson River Railroad Company against Thomas Newbold and others. From a final order confirming an award of $9,250 to defendants, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, RICH, and PUTNAM, JJ.

Robert Wilkinson, of Poughkeepsie, for appellant.
John E. Mack, of Poughkeepsie, for respondents.

JENKS, P. J. The plaintiff appeals from the final order in condemnation proceedings of defendants' land for railroad purposes, that confirms an award of $9,250. The land taken extends along the entire east boundary of the defendants' land. It consists of a narrow strip, whose greatest width is 97 feet, and it comprises about 1 acre. It is situate about 83 feet above the plaintiff's track and faces the Hudson river. The land of the defendants, including this strip, is square, and contains 20 acres. The entire tract seems to be devoted to residential purposes. It is not extensive enough to be called an estate, but rather the grounds of a country house. In addition to the house itself, there are two cottages, a coachhouse, a greenhouse, sheds, and hot beds, an icehouse, a water tower and appropriate apparatus, pump house, ram, etc., and an outhouse. None of these is situate on the land taken. But there is thereon a small summer house, and there is therein a running spring, which the proof shows is impossible of relocation. There is evidence that the property has an individual water system from springs on the property. There is proof that this particular spring was valuable, and available for pasture purposes. The plaintiff met this with proof as to the deleterious condition of the waters thereof.

[1, 2] There was a clash of rival experts, not an unusual feature in such proceedings. Assuming that the theory of damages acted upon was correct, if the commissioners had adopted the figures of the plaintiff's experts, they would have awarded much less; if the figures of the defendants' experts, much more. But it is perfectly well settled that the commissioners are not restricted to a choice between the estimates of warring experts, and are in no sense bound by their opinions. Matter of Town of Guilford, 85 App. Div. 207, 83 N. Y. Supp. 312, and cases cited. Each side in such controversies is prone to retain witnesses most favorable to it, and very often such testimony is but lay advocacy under the guise of evidence. The commissioners, of course, are to consider the evidence, but in exercise of their own judgment.

And their conclusion, especially when formed after view of the premises (Matter of N. Y. El. R. R. Co. [Westervelt] 12 N. Y. Supp. 858; Matter of Manhattan R. Co. v. Comstock, 74 App. Div. at page 342, 77 N. Y. Supp. 416), is not to be disturbed, unless they appear to have done injustice by overlook or disregard of all of the evidence before them, or, of course, unless it appear that they have erred in their theory of the award (Matter of City of New York, 198 N. Y. 84–91, 91 N. E. 278, 41 L. R. A. [N. S.] 411, 139 Am. St. Rep. 791). Every intendment is in favor of the report. Matter of Manhattan R. Co. v. Comstock, supra, 341, and cases cited; In re Mayor, etc., of City of N. Y., 99 N. Y. 569, 2 N. E. 642; Matter of Bensel, Southern Aqueduct, sections 15 and 17, 152 App. Div. 500, 137 N. Y. Supp. 374. I see no reason to disturb the amount of the award.

[3, 4] It is contended that Matter of the City of New York, supra, is not authority for the admission of the testimony of certain workmen as to the cost of reconstruction of the said buildings, the percentage of their depreciation and their present value, for the reason that the structures (save the summer house) were not situate on the property actually taken. But I think that the realty in question, including the strip taken, must be regarded as one tract, and that the case last cited is authority for the admission of this kind of evidence. See, too, Lewis on Eminent Domain (3d Ed.) p. 1312. For just compensation includes damages to the remainder of the tract. Newman v. M. E. R. Co., 118 N. Y. 618, 23 N. E. 901, 7 L. R. A. 289; South Buffalo R. R. Co. v. Kirkover, 176 N. Y. 301, 68 N. E. 366; Matter of Board of Public Improvements, 99 App. Div. 576, 91 N. Y. Supp. 161; People ex rel. City of N. Y. v. Lyon, 114 App. Div. 583, 100 N. Y. Supp. 62, affirmed 186 N. Y. 545, 80 N. E. 1136. If I am wrong in this view, the ruling would not be reversible error (Matter of City of New York, supra, 198 N. Y. at page 91, 91 N. E. 278, 41 L. R. A. [N. S.] 411, 139 Am. St. Rep. 791) for the other evidence is sufficient to sustain the award.

[5] I am of opinion that we should not pass upon the rulings as to the competency of the defendants' expert witnesses. The question of their qualification was for the trial court, and its ruling is not reviewable, if the proof as to their qualification presented a fair matter for its judgment. Stillwell Mfg. Co. v. Phelps, 130 U. S. 520, 9 Sup. Ct. 601, 32 L. Ed. 1035; Slocovich v. Orient Mut. Ins. Co., 108 N. Y. 56, 14 N. E. 802; Lawson on Expert Testimony (2d Ed.) 468.

I advise affirmance, with costs.

BURR, THOMAS, and RICH, JJ., concur.

PUTNAM, J. (concurring). I think the cost of rebuilding structures away from the land taken, and the figures of the estimated depreciation of such buildings, were incompetent.

I concur in the result, because I think the award is otherwise sustained.