In re EAST THIRTY-SIXTH STREET IN CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   June 11, 1915.)

1. EMINENT DOMAIN ⬅262—AWARD OF COMPENSATION BY COMMISSIONERS—
CONCLUSIVENESS.

A conclusion of commissioners in proceedings by a city to acquire land for a street must stand, unless injustice has been done by a disregard of the evidence before them, or unless they erred in the theory of their award.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 681–686;  Dec. Dig. ⬅262.]

2. EVIDENCE ⬅571—EXPERT TESTIMONY—AWARD OF COMPENSATION BY COMMISSIONERS—CONCLUSIVENESS.

Commissioners, in proceedings by a city to acquire land for a street, are not bound to accept the lowest estimate of any expert witness called by the city, and are not bound by uncontradicted expert testimony, but may rest their conclusion on all the evidence and on a view of the premises.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2395–2398; Dec. Dig. ⬅571.]

Appeal from Special Term, Kings County.

Application by the City of New York for the acquisition of land for the opening and extending of East Thirty-Sixth Street. From part of an order assessing compensation and benefits, the George M. Cragin Company appeals. Affirmed.

Argued before JENKS, P. J., and CARR, STAPLETON, MILLS, and PUTNAM, JJ.

Philip M. Bromberg, of Brooklyn, for appellant.

Howard L. Campion, of New York City (Melville J. France, of Brooklyn, on the brief), for respondent.

PER CURIAM.   [1] The report of the commissioners must stand, unless it appears that injustice is done by overlook or disregard of all of the evidence before them, or unless it appears that they have erred in the theory of their award.  New York Central & H. R. R. R. Co. v. Newbold, 166 App. Div. 193, 151 N. Y. Supp. 732, and authorities cited.

[2] Their conclusion rests both upon proof presented and upon view of the premises.   Hence criticism that is confined to the proof necessarily excludes the other element of information.   The commissioners were not bound to accept the lowest estimate of any expert witness called by the city.  N. Y. Central & H. R. R. R. Co. v. Newbold, supra, and cases cited.   It is the judgment of the commissioners, not that of the expert, that is called for by the statute.   But, if the expert can thus limit the exercise of the commissioners' judgment, he, not they, decides the smallest amount of the damage that the city must pay; that is, so far as the proof is concerned.   See Head v. Hargrave, 105 U. S. at 49, 26 L. Ed. 1028.   As to the general principle, see People ex rel. Hallock v. Hennessy, 205 N. Y. at 309, 98 N.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

E. 516. And it matters not that such testimony is uncontradicted. Chamberlayne on the Modern Law of Evidence says (page 2890):

"The jury are not necessarily obliged to follow the estimate of a witness simply because he is uncontradicted. Such inferences are not conclusive. It is to be remembered that the conclusion of a witness as to value is merely secondary evidence, displacing, only to the extent that seems to be necessary, the reasoning of the jury upon the primary phenomena narrated by witnesses. It follows that neither the inference or conclusion of an observer nor the more ripened judgment of the expert relieves the jury of the duty of doing their own reasoning with regard to the facts of the case."

We think that any expression in Matter of City of New York (Titus Street) 139 App. Div. 238, 123 N. Y. Supp. 1018, that relates to the question now considered, should not be extended beyond the record in that case, which showed inter alia an omission of view at a proper time.

The city's expert estimated the damage at $1,000; the commissioners determined it at $667.32. But their determination was based upon both testimony and view, and we find no reason to disturb their judgment. We think, also, that the assessment for benefit, complained of, should stand. Matter of City of New York (225th Street) 150 App. Div. 223–225, 134 N. Y. Supp. 926; Matter of City of New York (West 157th Street) 150 App. Div. 131–134, 134 N. Y. Supp. 1074.