In the Matter of the Application of THE CASTLE HEIGHTS WATER COMPANY, Respondent, to Acquire Additional Lands in the Town of Greenburgh, v. CHARLES R. PRICE and CORA W. PRICE, Appellants.

Second Department, June 22, 1917.

Condemnation proceedings — condemnation of land for water supply — damages — evidence — commissioners not bound by expert testimony.

Application by a water company to condemn unimproved farm land adjacent to other lands owned and worked by it. Evidence examined, and *held*, that the determination of the commissioners as to the amount of damages should be confirmed.

The value to the owner is not enhanced by the purpose for which the land is taken.

The commissioners are not necessarily bound to accept the figures of an expert witness. It is their duty to consider all of the proof and their conclusion, especially when reached after a view of the premises, should not be disturbed unless they appear to have done injustice by overlooking or disregarding proof before them, or by error in their theory of the award.

APPEAL by the defendants, Charles R. Price and another, from an order of the Supreme Court, made at the Orange Special Term and entered in the office of the clerk of the county of Westchester on the 18th day of June, 1915, confirming the report of commissioners of appraisal herein, with notice of an intention to bring up for review an interlocutory judgment entered in said clerk's office on the 3d day of June, 1914, determining that plaintiff is entitled to take defendants' property and appointing commissioners of appraisal.

*Edwin L. Kalish*, for the appellants.

*John M. Digney*, for the respondent.

JENKS, P. J.:

The plaintiff, a going water supply corporation, seeks to condemn the fee of a scant 8 acres of land in the town of Greenburgh and within a mile of the former village of White Plains.

The land is part of the defendants' farm. It is in a state of nature, unimproved, and about two-thirds of it is bogland. It is adjacent to other lands owned and worked by the plaintiff. The defendants' appeal is protest against the amount of damages. The general rule as to value is stated by SEWELL, J., for the court in *Matter of Simmons [Ashokan Reservoir, Sec. No. 7]* (130 App. Div. 359; affd., 195 N. Y. 573; affd., *sub nom. McGovern* v. *New York*, 229 U. S. 363). The value to the owner is not enhanced by the purpose for which it is taken. (*New York Central & H. R. R. R. Co.* v. *Mills*, 160 App. Div. 6.) The appellants contend that the commissioners proceeded upon an erroneous principle, in that they ignored the water capacity of the land. As it does not appear that the commissioners excluded any proof as to this feature, or disregarded it in their award, and the award is not itemized, this contention rests upon inference. And the inference is drawn from the fact that an expert witness, an eminent hydraulic engineer, is said to testify that the value is $47,500, whereas the commissioners awarded $10,000. But, even if he had so testified without contradiction or limitation, and was a credible witness, the commissioners were not bound to accept his figures, or those of any expert. (*New York Central & H. R. R. R. Co.* v. *Newbold*, 166 App. Div. 193; *Matter of Town of Guilford*, 85 id. 207, and cases cited.) But he did not so testify. His testimony on his direct examination is, " My estimate of the value of the water that that land would produce is $47,500," and upon cross-examination, " Q. You say this land is worth $47,500? A. I said the water was worth $47,500." This estimate rests upon the hypothesis that by the use of water supply machinery there could be drawn from this tract 500,000 gallons a day for sale — at certain market rates. But the hypothesis did not assume that this scant 8 acres, isolated, could be made thus productive. For the witness testifies that he did not know the territory of supply, but that he did know that it included land outside of this tract. And he also testifies that upon the basis of general average the percolation of the tract itself would be but 750 gallons a day per acre. In this respect he is substantially in accord with another eminent hydraulic engineer, an expert for the plaintiff, who testifies that in that

district they estimated the taking of 500,000 gallons a day per square mile.

But the limit of the expert is not the limit of the law. The water company, perforce of its ownership of these 8 acres of wet bogland, could not apply its machinery so as to tap the water stored in that land, " and in all the region thereabout, and lead it to his own land, and by merchandising it prevent its return." (*Forbell* v. *City of New York*, 164 N. Y. 522, as approved in *People* v. *New York Carbonic Acid Gas Co.*, 196 id. 431.) And the fact that the water company, or any other person, might actually do this thing, in disregard of the rights of third persons, should not be taken in consideration. (*Kingsland* v. *Mayor, etc.*, 110 N. Y. 569.)

The only witnesses as to the value of the land were two, of whom both were called by the respondent, and whose estimates were $5,000 and $4,880 respectively. They did not consider the land as a source of water supply. As we have seen, the commissioners awarded double the higher sum. It is possible to infer that the excess represents their consideration of the feature of water capacity.

But in any event we cannot perceive that they erred in their theory of the award. It was their duty to consider all of the proof, but in the exercise of their own judgment. And their conclusion, especially when reached after view of the premises, should not be disturbed unless they appear to have done injustice by overlook or disregard of all of the proof before them, or to have erred in their theory of the award. (*New York Central & H. R. R. R. Co.* v. *Newbold, supra,* and cases cited.)

I advise affirmance, with costs.

THOMAS, STAPLETON, MILLS and RICH, JJ., concurred.

Final order affirmed, with costs.