In the Matter of the Application of the COUNTY OF PUTNAM, by Its Board of Supervisors for the Appointment of Three Commissioners of Appraisal to Ascertain and Determine the Compensation to Be Paid to the Owners of Lands to Be Acquired for Highway Improvement as Provided in the Highway Law. (Brewster-Patterson State Highway No. 5203; Towners Corners-County Line County Highway No. 585.)

County Court, Putnam County, August 24, 1933.

*F. Leon Shelp*, for the board of supervisors of Putnam county.

*Aldrich, Morschauser & Haas* [*Raymond E. Aldrich* of counsel], for Nathan Wittenberg, Sophias T. Coman, William T. Elting, Herbert M. Teets and George W. McCall.

*Theodore K. Schaefer*, for Gustav Kornbrust, Pauline Kornbrust, Theodore C. Edwards, Rhoda T. Edwards and Saverio Baccetta.

*Blessing & Murphy*, for Lelia V. Wright and Henry Lee.

*Edward A. Conger*, for Eleanor R. Frye.

*John E. Mack*, for George T. Jennings.

*Knowlton Durham*, for Erastus T. Tefft.

BAILEY, J. This proceeding was instituted on July 27, 1931, by a petition of the board of supervisors of the county of Putnam

to acquire certain parcels of real estate within the town of Patterson in said county for the reconstruction of the highway referred to as route No. 22. By an order of this court made and dated August 24, 1931, three commissioners of appraisal were duly appointed to ascertain and determine the compensation to be paid to the owners of and all persons interested in the lands described in said petition and shown on the maps filed with the petition.

On May 4, 1933, the report of two of the three commissioners containing the awards for damages was filed in the Putnam county clerk's office and a notice of the application for the confirmation of the said report was published according to the requirements of the statute; on May 11, 1933, a minority dissenting report of the third commissioner was filed in the Putnam county clerk's office. No application was made nor published for the confirmation of the minority report. It is before the court, however, and has been carefully considered.

The application for confirmation of the majority report regularly came on to be heard before this court on the 22d day of May, 1933, at which time several claimants appeared personally and by counsel and made oral objections to the application to confirm the report because of the alleged inadequacy of the awards. One claimant filed a formal written protest. At the time of the argument it appeared appropriate that the court personally inspect the properties, and accordingly a day was fixed and the court, in company with the commissioners' witnesses, the owners and their attorneys, examined each of the parcels of land affected by this proceeding. In addition to the personal survey, the court has carefully examined the record of the proceedings which consists of over 1,500 pages of testimony.

It appears from the record that testimony was introduced on behalf of all of the claimants in respect to the value of the land acquired and many elements of consequential damages. There is a wide difference of opinion between the testimony of the witnesses for the petitioner and the witnesses for the owners of the lands acquired.

The majority report recites that the commissioners have carefully examined each parcel acquired or affected in this proceeding and that they have heard and considered the proofs and testimony of all persons claiming to be entitled to any interest therein.

It enumerates specifically the items of damages for which awards have been made and indicates that they adhered to the correct principle and followed the correct rule as to the measure of damages laid down by the decisions of the courts in our jurisdiction. (See *Southern Buffalo Ry. Co.* v. *Kirkover*, 176 N. Y. 301; *Matter of*

*Thompson*, 45 Hun, 261; *Board of Hudson River Regulating District* v. *Cady*, 131 Misc. 768, 770.)

The minority report specifically states that the dissenting commissioner concurs and joins in all of the facts and conclusions of the majority report except as to those awards from which he dissents; the discrepancies between the figures in the two reports are slight except as they affect the parcels taken from two particular farms where there appears to be a substantial difference of opinion.

In neither report are the awards in accord with the opinions of the experts which indicates that the commissioners did not rely exclusively upon that testimony but used their own judgments in reaching their conclusions. In this mode of procedure no error can be found.

The authorities are unanimous to the effect that they may act upon their own judgment and information obtained from an inspection of the premises affected; and may treat the testimony of the experts as advisory only. In *Matter of Bronx Parkway Commission* (192 App. Div. 412) the court said: " The commissioners, of course, are expected to consider the evidence, but their function is not merely to pass upon the credibility of witnesses, especially expert witnesses produced by the parties, or to decide which set of such expert witnesses reveals itself as more correct in estimate, and then slavishly adheres to that set. The commissioners are to exercise their own judgment and they may arrive at their conclusion in disregard * * * of any or all experts. They are ' untrammeled by technical rules of evidence, and unrestricted as to the source of information. * * * They shall be guided by their own judgment and experience rather than by the opinions of witnesses." (See, also, *Matter of Thompson*, 121 N. Y. 277; *Matter of Town of Guilford*, 85 App. Div. 207; *City of Syracuse* v. *Stacy*, *No. 1*, 45 id. 249; *Sands* v. *City of New York*, 104 Misc. 427.)

The question of value is always a troublesome one particularly in a proceeding to acquire real estate without the owner's consent. The owner should be fully indemnified and should recover its fair market value for all available purposes. Fair market value is a question of fact to be determined by the commissioners appointed for that purpose. In this proceeding the commissioners differ in some respects in the results obtained, but opinions differ on many things, especially, it appears, as to the value of real estate and the consequential damages suffered because of the construction of a highway.

There is nothing in this proceeding showing any misconduct on the part of the commission nor any irregularity in their proceedings.

Neither has it been pointed out nor does it appear that they adopted any erroneous principle in estimating the damages.

The court's power to review the report is very limited. An award of commissioners is not subject to such a review as is an appeal from a verdict in an ordinary action. It must appear that an erroneous principle in estimating the damages was adopted by the commission before the court can disturb the awards. It has been uniformly held that " every intendment is in favor of the action of the commission, and an award will not be set aside for inadequacy, unless it is obviously wrong." (*Adirondack Power & Light Corp.* v. *Evans*, 226 App. Div. 490; *Matter of Grade Crossing Comrs.*, 210 id. 328; *Matter of Corporation Counsel of City of New York*, 188 id. 688.)

After hearing the witnesses for the petitioner and the several owners; and after viewing the premises and giving due consideration to the various items and elements of damage, two of the three commissioners have concurred in their opinions and have united in a report with awards to the claimants. From an examination of the testimony and of the report, and a personal survey of the parcels, I do not find that the commission proceeded upon an erroneous theory.

The application to confirm the majority report is, therefore, granted.